## Wisecup v. Commonwealth.

Oct. 27, 1944.

J. B. Howard for appellant.

Hubert Meredith, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Having succeeded, after several attempts, in borrowing a shotgun with which to go "squirrel hunting," appellant, in the early morning hours of June 20, 1943, repaired to the house occupied by his mother and John Kilburn and was greeted with blasts from a shotgun fired through the door by Kilburn, who was in his night clothes. In attempting to open the door, appellant "punched" it with the muzzle of the borrowed weapon, whereupon, it was "accidentally" discharged through the door, killing Kilburn. In consequence, appellant was indicted for murder, along with one Johnnie McIntosh, his companion in the quest for a shotgun, convicted of voluntary manslaughter, and sentenced to five years in the penitentiary.

The foregoing facts are gathered from a brief and inartificially drawn bill of exceptions in narrative form. Other facts thus disclosed are:

Kilburn had been living in adultery with appellant's mother for eight years; appellant, a soldier, home on furlough, wanted to take her and Irene Arnett, a child who also lived in the house, to Ohio to reside with his

sister until he returned finally from the war; he was drinking, and Kilburn who had proposed the hunting trip and invited appellant to spend the night at the house, was displeased with the interference with, and threatened disruption of, his seemingly pleasant, though irregular, domestic relations. There was also evidence that he had made threats against appellant and beaten the mother.

The Court instructed the jury on murder, voluntary and involuntary manslaughter, accidental killing, self-defense, and appellant's right to kill in defense of his mother. Appellant's only complaint of the instructions is that they did not submit his alleged right to kill in defense of Irene Arnett, but there was no evidence that she was ever threatened or in danger.

We are also asked to reverse the judgment on the ground that the jury's verdict was flagrantly against the evidence. It is true that no one directly contradicted appellant's testimony that the gun was accidentally discharged while he was using it as an instrument with which to open the door; but it is too well settled in our jurisprudence to admit of dispute that where a motive for killing is shown, or the circumstances are such that reasonable minds might doubt the accidental nature of the homicide, the question of the accused's guilt or innocence is for the jury.

Judgment affirmed.