[Civ. No. 14683. First Dist., Div. Two. June 25, 1951.]

ROSE ESQUER et al., Respondents, v. DANIEL TERESI et al., Defendants; THOMAS TERESI, Appellant.

Campbell, Hayes & Custer, Frank L. Custer and Edward J. Niland for Appellant.

Manny C. Gomez, James F. Boccardo and Jean M. Blum for Respondents.

NOURSE, P. J.—Plaintiffs sued as the surviving wife and children of Francisco Esquer who was killed in a collision while riding to his home from his place of employment with the son of defendant and appellant Thomas Teresi, who provided that means of transportation. The facts of the collision are not disputed and the negligence of the driver may be taken for granted. The defendant Thomas Teresi owned 160 acres of sugar beet land near the town of Coyote. In his harvesting operations he employed four persons on an hourly basis and three truckmen to haul the beets from the ranch to· a receiving station. The truck drivers were paid 75 cents a ton and a bonus of 25 cents per ton if they worked throughout the harvesting season. Defendant Thomas Teresi supervised all operations at the ranch and instructed his drivers where and how to load the trucks, when to move out and where to deliver the beets and when to move the empty trucks in for another load. He had the full right to discharge these drivers at any time if their work was unsatisfactory, if they failed to appear at the ranch at the proper time, or failed to keep the work moving to his satisfaction. Each truck driver furnished his own truck and paid for the gas, oil and maintenance. Two of the other drivers used their own automobiles in going from their homes to the ranch while the deceased drove his own truck home each night. After the work had been in progress for some time defendant Thomas Teresi arranged with deceased that the latter should leave his truck at the ranch so that it would be in readiness for early loading in the mornings and volunteered to have his son Daniel drive deceased to his home and pick him up the next morning. This arrangement was continued for about three weeks before the accident which occurred when the son Daniel was driving deceased to the latter's home. Following the accident the defendant Thomas Teresi reported it to his compensation insurance carrier but the plaintiffs refused to proceed under the Workmen's Compensation Act and brought this action to trial before a jury which returned a verdict in their favor for the sum of $25,000.

Thomas Teresi alone has appealed from the judgment following the verdict and this appeal presents these two issues:

I. "The Industrial Accident Commission had exclusive jurisdiction of plaintiffs' claim, since the evidence established, as a matter of law, that the death of Francisco Esquer arose out of and in the course of his employment."

II. "If it was a question of fact whether Esquer's death

arose out of and in the course of his employment, the trial court erred in refusing to submit this issue to the jury.''

Appellant cites and relies on sections 3351 and 3353 of the Labor Code which read: (§ 3351) '' 'Employee' means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, . . .'' (§ 3353): '' 'Independent contractor' means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished.''

Admittedly if the deceased had been an employee of appellant as defined in the Labor Code, his heirs could not sue in the superior court for damages. As evidence that the relation here was that of employer and employee the appellant refers to these facts: That he had full control of the manner in which the work was performed by deceased and exercised that right by directing deceased as to when and when not to load, and left the deceased no discretion as to the manner in which, the time at which, and the place at which the work was to be done. Also that appellant had and exercised the right to fix the hours of work to be done by deceased and retained the right to discharge him at any time if the work was done unsatisfactorily. Furthermore, that the deceased had the right to quit work at any time and in doing so would not have breached any contract or obligation with the appellant.

Supporting appellant's contention is the statement found in *Industrial Indem. Exch.* v. *Industrial Acc. Com.*, 26 Cal.2d 130, 135 [156 P.2d 926]: "The right to control and direct the activities of the alleged employee or the manner and method in which the work is performed, whether exercised or not, gives rise to the employment relationship. (*Riskin* v. *Industrial Acc. Com.*, 23 Cal.2d 248 [144 P.2d 16]; *Guarantee Ins. Co.* v. *Industrial Acc. Com.*, *supra* [22 Cal.2d 516 (139 P.2d 905)]; *Press Pub. Co.* v. *Industrial Acc. Com.*, 190 Cal. 114 [210 P. 820].) And, although in distinguishing between an employment and an independent contractor relationship it has been said that 'The test of "control" . . . means "*complete* control" ' (*Western Indemnity Co.* v. *Pillsbury*, 172 Cal. 807, 811 [159 P. 721]; *S. A. Gerrard Co.* v. *Industrial Acc. Com.*, 17 Cal.2d 411, 414 [110 P.2d 377]), it is settled that 'a general and special employment relationship is present if there exists in each some power, not necessarily complete, of

direction and control.' (*National Auto. Ins. Co.* v. *Industrial Acc. Com.*, 23 Cal.2d 215, 219 [143 P.2d 481]. See, also, *Diamond D. etc. Co.* v. *Industrial Acc. Com.*, 199 Cal. 694 [260 P. 862]; *Famous P. etc. Corp.* v. *Industrial Acc. Com.*, 194 Cal. 134 [228 P. 5, 34 A.L.R. 765].)'' To these citations might be added *Baugh* v. *Rogers*, 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043] and *Perguica* v. *Industrial Acc. Com.*, 29 Cal.2d 857, 859 [179 P.2d 812].

More pertinent is the decision of the District Court of Appeal in *Chapman* v. *Edwards*, 133 Cal.App. 72, 77 [24 P.2d 211], where one Klein owning and operating his own truck, as is the case here, undertook to haul dirt from an excavation being made by the defendant, payment to be made for a fixed price per load. All the work was carried out under the direction of defendant's foreman. In holding that he was an employee the court said: ''There was no work that Klein could do independent of the employer, inasmuch as the latter being in exclusive control and management of the shovel there would be no dirt to remove until the shovel furnished the load. There was no discretion vested in Klein other than to get under the shovel in his turn with the other trucks of the employer and get his load.''

The right of the owner to determine the manner in which the work was to be done and to fix the hours of labor for the deceased and the right of the owner to discharge and the right of the employee to quit at his pleasure are all conceded.

The disposition of the second question posed by appellant does not seem to be difficult. If the status of employer and employee did not exist as a matter of law under the decisions heretofore cited, then the determination of that question of fact should have been made by the trial jury pursuant to proper instructions. Anticipating that the respondents would contest this issue of the relationship, appellant tendered a number of instructions giving the definitions heretofore quoted from the Labor Code and the judicial definitions of that relationship found in the cases which we have heretofore cited. All these instructions were refused.

 Finally appellant submitted a request for an instruction reading: ''Where transportation is furnished by an employer, as an incident of the employment, to convey an employee to and from the place of employment, an injury or death suffered by the employee going or coming in the vehicle so furnished by the employer, and under the control of the employer, whether it is operated by the employer personally

or by one acting under his directions or orders, arises out of and is in the course of employment, within the meaning of the Workmen's Compensation Act; and under the provisions of the said act, the Industrial Accident Commission is given exclusive jurisdiction of actions arising out of such injury or death.'' This is a correct interpretation of the law and the instruction should have been given particularly since there was no dispute that the employer furnished transportation to his employee as an incident of the employment.

The refusal to give defendant's proposed instructions on the employer-contractor issue was error. Unquestionably the evidence was in conflict, though the weight of the evidence shows an employer-employee relation. When this evidence is conflicting the question is one of fact for the jury.

The correct rule is given in 57 Corpus Juris Secundum 148-150 as follows:

''Where there is a conflict of evidence as to whether the relation of master and servant existed between the parties at the time of the injury, or the evidence thereon is reasonably susceptible of more than one inference, the question ordinarily should be submitted to the jury. Conversely, where the evidence is not conflicting, and is reasonably susceptible of but one inference, the question as to the existence of the relation is one of law for the court to determine. Where the contract of employment is in writing the question ordinarily is for the court. Thus, where the evidence is susceptible of more than one inference, or there is a conflict of evidence . . . whether the person injured was a servant or an independent contractor . . . is a question for the jury.''

There are few California cases relating directly to the jury question because the question whether the status of the injured person is a matter of law or of fact mostly arises in Industrial Accident Commission cases. The following two however relate to jury cases: In *Moore* v. *Pacific Coast Steel Co.*, 171 Cal. 489, 491 [153 P. 912] it is said that, ''Of course, wherever the facts are in dispute the question [whether plaintiff was a servant of defendant at the time he received his injuries] is one of fact for the jury.'' However in that case the fact pleaded by plaintiff that he was an employee was not denied and under those circumstances it was held no error to refuse to give instructions on how to determine whether plaintiff was an employee and to instruct that he was.

In *Umsted* v. *Scofield Eng. Const. Co.*, 203 Cal. 224, 227-228 [263 P. 799] it is said: ''By taking the case from the jury and

making the special finding that decedent was the special employee of the Construction Company, upon which finding the judgment for defendant was entered, the court below adopted the defendant's theory of the case. Unless it can be said that, as a matter of law, no other reasonable conclusion was legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that an appellate court would be impelled to reverse it on appeal, or a trial court to set it aside, it must be held that the court erred in taking the case from the jury and itself rendering the decision.''

The Supreme Court decisions with respect to Industrial Accident Commission cases show the same position as to what is matter of law and what of fact. In *Schaller* v. *Industrial Acc. Com.*, 11 Cal.2d 46, 50-51 [77 P.2d 836], it is said: ''The question of whether a worker is an employee within the meaning of the Compensation Act is referred to as a question of mixed law and fact to be proved like any other question. It is a question of fact upon which the judgment of the commission is conclusive where the facts are in dispute. It becomes a question of law only when but one inference can reasonably be drawn from the facts.''

In *Perguica* v. *Industrial Acc. Com.*, 29 Cal.2d 857, 859 [179 P.2d 812] the rule is stated as follows: ''Generally speaking, it is a question of fact to be determined by the commission, from the evidence adduced, whether the essential employer-employee relationship exists, and the commission's finding on that issue will not be disturbed where it is supported by substantial evidence. But 'if from all the facts only a single inference and one conclusion may be drawn, whether one be an employee or an independent contractor is a question of law.' ''

In *Isenberg* v. *California Emp. Stab. Com.*, 30 Cal.2d 34, 40 [180 P.2d 11], it is said: ''The contention that the question whether a person is an employee under section 6.5 of the Unemployment Insurance Act is wholly one of fact, even when the evidence is not in conflict and not reasonably susceptible of conflicting inferences, is untenable. Under such a rule there would be nothing to prevent conflicting interpretations of identical facts by the various trial courts. . . .''

Judgment reversed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied July 25, 1951.