## WAGERS v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 20, 1953.

358

S. M. Ward and Vernon Faulkner, Hazard, for appellant.

J. D. Buckman, Atty. Gen., and H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

Appellant, Felix Wagers, is dissatisfied with a judgment of the Perry Circuit Court which sentences him to the penitentiary for a term of twenty-one years on a charge of voluntary manslaughter. On his appeal, he insists that the verdict is flagrantly against the weight of the evidence and that the trial court erred in giving an instruction on voluntary manslaughter.

James Turner, Jr., usually referred to as Junior Turner, died about 6:30 on the evening of Saturday, June 30, 1951, as a result of a bullet wound which had been inflicted on Friday night, June 29. Although living approximately eighteen hours after having been shot, there is no evidence to indicate that he made any statements as to the circumstances surrounding the shooting. On the night of the shooting, deceased went to the store of Blaine Morgan on Walkers Branch in Perry County. A short time later, appellant, Felix Wagers, came in, accompanied by his father-in-law, John Turner. While at the store, both parties drank some beer, and there is some evidence that deceased had some whiskey which he also consumed. Other incidents occurring at the store are not material since there was no indication of trouble at that time.

About midnight, Blaine Morgan closed the store and entered his pickup truck for the purpose of going to his home at Allais. After Morgan had gotten into the truck with his mother, sister, and two months old baby, deceased, appellant, and John Turner requested permission to ride, and the latter three got in the bed of the truck. When the truck had nearly reached Allais, Morgan heard three shots, apparently fired by someone in the bed of the truck. He stopped the truck, got out, and observed appellant running away in one direction and John Turner in another. The deceased was lying in the bed of the truck with his face and head covered with blood. Morgan immediately rushed deceased to the hospital, where he died the following evening. One bullet had entered the head on the left side of the skull toward the front and had emerged on the same side of the skull near the rear.

Some few days after the shooting, appellant surrendered, and upon his trial, insisted that the shooting was accidental. He stated that while the parties were riding in the truck deceased had drawn his pistol and fired at appellant. He claimed that after the first shot was fired he attempted to wrest control of the pistol from deceased and it was accidentally discharged. He said he thought that the third shot was the one which struck deceased. John Turner corroborated appellant, but his testimony was considerably weakened on a cross-examination. Two witnesses testified that a short time before the shooting they had heard appellant say that he intended to kill Junior Turner.

A recitation of the evidence illustrates that the verdict was not flagrantly against the evidence. Although appellant and his father-in-law were the only eye witnesses, the circumstances surrounding the shooting, the location of the wound, appellant's subsequent flight, and the threats are sufficient to create an issue of fact for the jury. In Wisecup v. Commonwealth, 298 Ky. 460, 183 S.W.2d 31, 32, it was said:

"* * * but it is too well settled in our jurisdiction to admit of dispute that where a motive for killing is shown, *or the circumstances are such that reasonable minds might doubt the accidental nature of the homicide,*

the question of the accused's guilt or innocence is for the jury." (Emphasis ours.)

The court instructed the jury on murder, voluntary manslaughter, self-defense, and defense of John Turner, accidental shooting, and reasonable doubt as to guilt and degree. The contention that the voluntary manslaughter instruction should not have been given is hardly worthy of note. It is a fundamental rule of our criminal jurisprudence that the court is required to give instructions on every state of case deducible from the testimony or supported by it. If the court had failed to give a voluntary manslaughter instruction, the omission would have constituted reversible error. Cottrell v. Commonwealth, 271 Ky. 52, 111 S.W.2d 445; Cook v. Commonwealth, 262 Ky. 718, 91 S.W.2d 25.

The judgment is affirmed.