Billy G. SOUTHERLAND, Petitioner,

v.

CHRISTIAN, INC., United General Insurance Co., and Workers' Compensation Court, Respondents.

No. 55061.

Court of Appeals of Oklahoma, Division No. 2.

March 24, 1981.

Rehearing Denied April 20, 1981.

Certiorari Denied June 15, 1981.

Released for Publication by Order of Court of Appeals June 18, 1981.

Robert H. Mitchell, Oklahoma City, for petitioner.

C. William Threlkeld, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for respondents.

BRIGHTMIRE, Judge.

The 29-year-old oil field rig operator, Billy Southerland, was returning home late one night from his employer's office in a company owned pickup when the truck left the road and crashed causing serious injuries. He filed a workers' compensation claim. His employer, Christian, Inc., an oil well servicing company, answered contending the Workers' Compensation Court was without jurisdiction to pass on the claim because Southerland's injuries did not accidentally arise out of his employment.

The trial judge found the fact to be that the "accidental personal injury did not arise out of and in the course of the claimant's employment." An appeal to the court *en banc* was unrewarding eventuating in this review.

I

The principal question, of course, is whether under the largely undisputed facts the trial court's employment finding is legally tenable. We hold it is not.

When claimant was employed in 1978, he was placed on 24-hour a day call and, to aid in the fulfillment of this assignment, was furnished a pickup truck to drive to and from his home in Maud, Oklahoma. On August 30, 1978, Southerland shut down an oil rig on which he was working and left the job site at about 1730 hours. His supervisor told him to report the next morning to

the company office-yard at Fittstown, Oklahoma, and await further assignment. The worker obeyed and arrived there at about 0730 hours on August 31. The supervisor never showed up, and so, after waiting around until about 1100 hours, he and a fellow servant, Richie Lynch, told the dispatcher that they were going to Lynch's home some 12 miles away where they could be reached. They left in Lynch's car. At Lynch's house they worked on a truck until about 2230 hours without ever having been contacted by the dispatcher. Lynch drove claimant back to the Fittstown yard where the latter got into the company truck and started out on his 40 mile trip home. Near the little town of Byng, Oklahoma, Southerland says he felt the truck pull to the right causing it to leave the road, drop into a bar ditch and crash into a driveway culvert. The worker attributed the loss of control to a tire failure.[1]

## II

 The general rule, to be sure, is that an employee is not considered to be acting in the course of his employment while traveling between his home and the place where he works. *R. J. Allison, Inc. v. Boling*, 192 Okl. 213, 134 P.2d 980 (1943). But the rule has exceptions. Two relevant ones are mentioned in *Boling*, namely, where: (1) the employer furnishes transportation to and from the work site as an incident of the employment; and (2) the employee is returning home after performing a special task at the employer's request. In both of these situations the hazards of the journey are considered to be hazards of the employment.

 The operative facts here bring the claimant within the ambit of these exceptions. Though the trip home was late at night, the essential fact remains that claimant was returning home from a designated job site in a company furnished vehicle. The legal noose becomes more tightly

drawn when consideration is given to the additional facts that: (1) he was on 24-hour call; and (2) he had just left a location to which he had been earlier dispatched. The fact that he spent time at the Lynch residence helping repair a truck does not weaken his case but, if anything, strengthens it because Lynch's place was closer to Christian's yard than was claimant's own home—a circumstance that could have been something of a benefit to the employer had an urgent need for Southerland's presence arisen.

The order appealed is, therefore, reversed and the cause is remanded for further proceedings.

BACON, P. J., and BOYDSTON, J., concur.

---

1. The employer rejected this theory and attributed the wreck to a loss of control fostered by intoxication and high speed. Evidence on the issue of intoxication was in considerable con-

flict. The trial judge did not find claimant to be under the influence of intoxicants when the accident occurred.