638 P.2d 894

Dennis C. SHEA, Claimant-Respondent, Cross-Appellant,

v.

Gary BADER and Albert Dianda, d/b/a St. Joe Outfitters, Employer, Defendant-Appellant, Cross-Respondent,

and

Industrial Special Indemnity Fund, State of Idaho, Defendant-Respondent, Cross-Respondent.

No. 13471.

Supreme Court of Idaho.

Dec. 28, 1981.

Nick M. Lamanna, Priest River, for defendant-appellant, cross-respondent.

Max M. Sheils, Jr., Boise, for defendant-respondent, cross-respondent.

Charles H. Kimball, Coeur d'Alene, and Robert W. Walker, Spokane, Wash., for claimant-respondent, cross-appellant.

SHEPARD, Justice.

This is an appeal from an order of the Industrial Commission which denied an employer's claim against the Industrial Special Indemnity Fund and a cross-appeal by employee-claimant from the Commission's award of attorney's fees to him.

In 1967, claimant-respondent and cross-appellant was working as a logger and fell from a load of logs and landed on his back. Four days later the tongue of a logging trailer fell striking Shea on the head. Shea underwent several surgeries for treatment of the resultant back and neck injuries, including a cervical fusion and disc extraction in his neck, a laminectomy for removal of a herniated disc and a fusion in his back, a rhizotomy to sever nerve roots to relieve pain, and surgery to relieve a bilateral carpal tunnel syndrome. Shea's permanent disability from those 1967 accidents was adjudicated as 50 per cent of the whole man based on physicians' opinions that Shea would be unable to perform sustained, active physical work and would be required to engage in more sedentary occupations. Shea's workmen's compensation claims were resolved by a lump sum settlement agreement based on the 50 per cent disability rating and approved by the Commission.

However, thereafter Shea did not seek sedentary employment, but rather worked as a ranch and farm hand feeding cattle and horses, loading and unloading 130-pound bales of hay, mending fences, driving farm machinery, riding horseback and sawing logs. He was able to engage in such activity despite his frequent complaints of stiffness and soreness.

In 1975, Shea was employed as a packer and guide by appellant-employer, St. Joe Outfitters. He fell from a horse, landed on his head and fractured his neck, which required various casts, collars, and eventually surgery. Since that 1975 accident, Shea has continued to suffer pain and weakness and has been unable to work.

Shea applied for a disability award, and after a hearing in July of 1976, an order issued holding that Shea had suffered an injury arising out of and in the course of employment. Following an additional hearing in January of 1977, Shea was found to be temporarily and totally disabled and awarded medical and income benefits for as long as the total disability continued. The Commission retained jurisdiction, stating:

"[T]he Commission hereby retains jurisdiction to resolve any further disputes between the parties, including but not limited to the duration of the claimant's total disability, the extent of the claimant's permanent disability, and such other issues as may be brought before the Commission upon the request of any party."

In 1978, Shea filed his petition with the Commission for a permanent and total disability award. St. Joe Outfitters, the employer, moved for joinder of the Industrial Special Indemnity Fund, asserting that a portion of Shea's total disability was attributable to his preexisting permanent physical impairment. Under I.C. § 72–332(1), as it existed on the date of Shea's 1975 accident, compensation benefits are apportioned between the Industrial Special Indemnity Fund and an employer when an employee who has a "permanent physical impairment" suffers a subsequent industrial injury or illness resulting in total and permanent disability by reason of either the combined effects of his preexisting impairment and the injury or when an injury aggravates and accelerates the preexisting impairment. The employer's motion for joinder was granted. Thereafter the Industrial Special Indemnity Fund in its response raised as a defense that the Commission's earlier determination had held that Shea's total disability was entirely the result of the 1975 injury. The Fund therefore asserted that collateral estoppel should be applied and the Fund should be dismissed from the case. The Fund's motion for dismissal was denied.

A hearing was held to determine if Shea should be awarded permanent and total disability benefits and whether the Fund should be liable for a portion of those benefits. An award for total and permanent disability was ordered dating from January 7, 1977. The Commission therein held that the preponderance of the evidence indicated that prior to the 1975 accident, Shea did not have a condition within the purview of I.C. § 72–332(2), i.e., a condition of such seriousness as to constitute a hindrance or obstacle to employment. The Fund was, therefore, dismissed from the action.

On this appeal it is not disputed that Shea was totally and permanently disabled. It is the employer, St. Joe Outfitters, which contends that the Commission erred in dismissing the Fund and asserts that an inappropriate standard was applied in determining whether Shea's condition prior to the 1975 accident constituted a "permanent physical impairment" within the meaning of I.C. § 72–332(2). On the other hand, the Industrial Special Indemnity Fund asserts that in any event the Commission reached a correct result since it should have found that St. Joe Outfitters was collaterally estopped from asserting that Shea suffered from a permanent physical impairment prior to the 1975 accident because the Commission had previously found that Shea's total disability is "entirely the result of his October 14, 1975 injury."

■ A decision of the Commission is final and conclusive as to all matters adjudicated by the Commission, absent fraud or a timely appeal. I.C. § 72–718. In the instant proceeding, no fraud is claimed and, although St. Joe Outfitters, the employer, filed an appeal following the 1977 proceedings, it was later granted a voluntary dismissal thereof. The record does not reflect any reason for that dismissal. It is well established that the doctrine of res judicata applies to all questions which might have been raised as well as to all questions that were raised in proceedings before the Commission, *Nitkey v. Bunker Hill & Sullivan Mining & Concentrating Co.*, 73 Idaho 294, 251 P.2d 216 (1952); *Blackburn v. Olson*, 69 Idaho 428, 207 P.2d 1160 (1949); *Bower v. Smith*, 63 Idaho 128, 118 P.2d 737 (1941), but we are not cited to any authority applying the doctrine of collateral estoppel to proceedings before the Industrial Commission.

■ This Court has stated that the principles of res judicata and collateral estoppel rest on the theory that the matter has been litigated to a final conclusion between the parties in a previous adversary proceeding, and although res judicata may not apply unless both individuals were parties to a previous judgment, the doctrine of collateral estoppel may remain applicable when the doctrine is used defensively and the party against whom the doctrine is asserted litigated the relevant issue with vigor in the action resulting in the prior judgment. *Idaho State University v. Mitchell*, 97 Idaho 724, 552 P.2d 776 (1976). The Fund asserts that it is using the doctrine of collateral estoppel defensively and the employer had full and fair opportunity to litigate the issue and hence collateral estoppel should be applied here.

■ The Industrial Commission has broad and continuing jurisdiction to reexamine and modify prior orders for a period of five years from the date of the accident which causes the injury. I.C. § 72–719(3). Here the Commission, in its 1977 order, explicitly retained jurisdiction. Here the employer, St. Joe Outfitters, asserted its claim against the Industrial Special Indemnity Fund in the 1979 proceedings, and the Commission rejected the Fund's assertion that such claim was barred by the doctrine of collateral estoppel. The reasons for the Commission's rejection of the Fund's defense of collateral estoppel do not appear in the record, but the Commission may well have concluded that the facts bearing on the issue of the liability of the Fund had not been fully adjudicated in the prior proceeding or that since the Fund was not a party to the prior proceeding, that its liability was not an issue in the prior proceeding. We hold, therefore, that the application of the doctrine of collateral estoppel was within the Commission's discretion and we find no error in the Commission's rejection of the Fund's collateral estoppel defense. We do not hold that the doctrine of collateral estoppel is inapplicable to proceedings before the Industrial Commission, but only hold that in the instant case the Commission did not exceed its jurisdiction or abuse its discretion in rejecting the application of the doctrine of collateral estoppel in the instant case.

■ We now address the employer's, St. Joe Outfitters', assertion that the Commission applied an improper standard in determining if Shea, prior to the 1975 accident,

had a permanent physical impairment which constituted a hindrance or obstacle to employment under the provisions of I.C. § 72–332(2) as it existed prior to the 1978 and 1981 amendments. Since the action by the Commission in the instant case, two opinions have been issued by this Court setting forth the proper standard to be applied by the Commission in its determination of whether a claimant had a preexisting permanent physical impairment which constitutes a hindrance or obstacle to employment. *Gugelman v. Pressure Treated Timber Co.*, 102 Idaho 356, 630 P.2d 148 (1981); *Curtis v. Shoshone County Sheriff's Office*, 102 Idaho 300, 629 P.2d 696 (1981). In those cases we held that actual hindrance to employment is not required and that an objective test must be utilized by the Commission in its determination as to whether a claimant has a preexisting permanent physical impairment. In *Gugelman* it was stated: "[a] 'permanent physical impairment' is any permanent condition which reasonably could constitute a hindrance or obstacle to obtaining employment or reemployment." 630 P.2d at 152–153.

█ Here it is clear from the record that the Commission did not use such an objective test in determining whether Shea had suffered from a preexisting permanent physical impairment. Hence, we remand the cause for a redetermination in accordance with and consistent with *Gugelman* and *Curtis*.

█ On his cross-appeal claimant Shea contends that the Commission's award of attorney's fees was erroneous as too meager. Shea retained counsel to prosecute his claim against his employer, St. Joe Outfitters. Shea and his counsel entered into a contingent fee agreement. I.C. § 72–301 requires an employer to secure the payment of workmen's compensation by either insurance or acquire approval as a self-insurer. I.C. § 72–210 provides that any employer who fails to secure such payment of workmen's compensation shall be required to not only pay any awarded compensation, but also a penalty of ten per cent of the compensation, together with costs and reasonable attorney's fees.

Here the Commission found that the employer, St. Joe Outfitters, had not secured insurance for workmen's compensation liability, and hence awarded Shea attorney's fees. In its 1977 order, the Commission awarded Shea $2,500 for attorney's fees incurred prior to the date of the 1977 hearing, and in its 1979 order, the Commission awarded an additional $1,000 to Shea for attorney's fees incurred subsequent to the 1977 hearing. Shea asserts that the 1979 award was unreasonably small.

This aspect of the case is also controlled by recent precedent. *Clark v. Sage*, 102 Idaho 261, 629 P.2d 657 (1981). There we held that when a claimant retains counsel pursuant to a contingent fee agreement, and the Commission is required to award attorney's fees, the Commission is required to base its award on what would be a reasonable fee on a contingent basis. There various factors were set forth which were relevant to the determination of such a reasonable fee. At the time of the Commission's award, it did not have the benefit of our opinion in *Clark*, and since the instant case is indistinguishable from *Clark*, this aspect of the cause must also be remanded to the Commission for a determination of an appropriate attorney's fee in accordance with and consistent with the standards enunciated in *Clark*.

The cause is reversed and remanded for further proceedings consistent herewith. Costs to appellant and to cross-appellant. No attorney's fees on appeal.

BAKES, C. J., and McFADDEN, DONALDSON and BISTLINE, JJ., concur.