Ronald L. DANIELS, Administrator *v.* COMMERCIAL UNION INSURANCE COMPANY et al

CA 81-350                                   633 S.W.2d 396

Court of Appeals of Arkansas
Opinion delivered May 26, 1982

*Eugene D. Bramblett* of *Brown, Compton & Prewett, Ltd.*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellees.

DONALD L. CORBIN, Judge. Appellant, Ronald L. Daniels as administrator of the estate of Thomas Daniels, deceased, brought this wrongful death action against the appellees, Commercial Union Insurance Company and Jerri Gaskin. Commercial Union Insurance Company was the automobile liability carrier for the Union County Center for the Handicapped and/or its parent entity, the South Arkansas Regional Health Center (SARHC). Commercial Union Insurance Company was granted summary judgment and from that decision this appeal arises. We affirm.

Thomas Daniels, the deceased, was an employee of South Arkansas Regional Health Center. SARHC, a charitable organization, is an umbrella agency which operates the Union County Center for the Handicapped, the Union County Sheltered Workshop, the Retired Senior Citizens Volunteer Program, an alcohol and drug abuse program and two psychiatric treatment programs. At the time of his death, Thomas Daniels worked as a janitor for two of these agencies — the Sheltered Workshop and the Center for the Handicapped. Based on his productive capacity he was paid $1.60 per hour for his janitorial services.

At the time that Daniels was first employed in 1972, his mother brought him to the workshop and returned him home in the evening. Later, the State of Arkansas made funds available for the purpose of purchasing vans. After these vans were purchased, they were used to pick up the employees of the Sheltered Workshop and also students of the Union County Center for the Handicapped. Thomas Daniels was one of the employees regularly picked up by a van. On Jan. 14, 1980, Thomas Daniels was killed in a

head-on collision while riding as a passenger in one of the vans registered to Union County Center for the Handicapped. Jerri Gaskin was the driver of the van when the accident occurred.

Jack Wright, the administrator of SARHC, testified through deposition that Daniels was an employee of SARHC and that the vans were used to pick up students and employees. According to Wright the buses were not used to transport patients. The testimony reflects that Daniels had never been a student of the Union County Center for the Handicapped. Wright also testified that the transportation furnished to Mr. Daniels did not affect his status in any way but was just an additional benefit to him.

Appellee moved for summary judgment on the grounds that the complaint against Commercial Union Insurance Company should be dismissed because the appellant's remedy was exclusively within the Arkansas Workers' Compensation Act and because the insurance policy contained an exclusion for bodily injury to any employee of SARHC arising out of or in the course of his employment. This appeal is from an order granting summary judgment in favor of Commercial Union Insurance Company.

Appellant's sole point for reversal is that the trial court erred in granting appellee's motion for summary judgment on the basis of the exclusive remedy of the Workers' Compensation Act. Ark. Stat. Ann. § 81-1304 provides as follows:

> The rights and remedies herein granted to an employee subject to the provisions of this Act, on account of injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next kin, of anyone otherwise entitled to recover damages from such employer . . . on account of such injury or death . . . .

The Arkansas Supreme Court in *C & L Rural Electric Coop. Corp.* v. *Kincaid,* 221 Ark. 450, 256 S.W.2d 337 (1953), has interpreted Section 4 of the Arkansas Workers' Compensa-

tion Act to provide that an employer who is covered under the Arkansas Workers' Compensation Act cannot be sued in tort.

The issue before us is whether the injury and death of Thomas Daniels was an accidental injury arising out of and in the course of his employment. We believe that it was and the summary judgment was properly granted.

We agree with the appellant that a summary judgment is an extreme remedy which should be granted only when there is no genuine issue of material fact. *Ollar* v. *George's Place*, 269 Ark. 488, 601 S.W.2d 868 (1980). We recognize that the burden is upon appellee to show that no justiciable issue exists. *Ollar* v. *George's Place*, supra.

The general rule is that injuries sustained by employees when going to and returning from their regular places of work are not deemed to arise out of and in the course of their employment. *O'Meara* v. *Beasley*, 215 Ark. 665, 221 S.W.2d 882 (1949). An exception to the so-called "going and coming" rule exists where the transportation is furnished by the employer as an incident of the employment. *Hunter* v. *Summerville*, 205 Ark. 463, 169 S.W.2d 579 (1943); *Blankinship Logging Co.* v. *Brown*, 212 Ark. 871, 208 S.W.2d 778 (1948); *O'Meara* v. *Beasley, supra.* As was stated by the court in *Blankinship Logging Co.* v. *Brown, supra,* "[t]his exception to the rule may arise either as a result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the employer to furnish transportation." In *Owens* v. *Southeast Arkansas Transportation Co.*, 216 Ark. 950, 228 S.W.2d 646 (1950), citing *Micieli* v. *Erie Railroad Co.*, 131 N.J.L. 427, 37 A.2d 123 (1944), the court expressed the view that "an employee who is carried to and from his place of employment as a part of his contract of service, or as a privilege incidental thereto with no deductions from his regular wages for such transportation, is considered by the weight of authority to be a servant and not a passenger."

We believe that applying either of the two above enumerated rules to the case at hand, the SARHC was

furnishing transportation to the deceased as either a custom or as a privilege incidental to his employment.

There was no material variance in the testimony of any of the witnesses regarding the deceased's employment or the transportation furnished by the employer. When these facts are considered in light of the applicable law, there is no genuine issue of material fact or justiciable issue and summary judgment was properly granted because appellant's remedy is exclusively within the Workers' Compensation Act.

Affirmed.

MAYFIELD, C.J., COOPER and CLONINGER, JJ., dissent.

MELVIN MAYFIELD, Chief Judge, dissenting. My disagreement with the majority decision in this case begins with the opinion's statement that "the issue before us is whether the injury and death of Thomas Daniels was an accidental injury arising out of and in the course of his employment."

If that were the issue, and if the decision were ours to make, I might agree with the results reached by the majority. But I think the issue before us is whether the appellees have shown that there is no genuine issue as to any material fact as to whether the injury and death of Thomas Daniels arose out of and in the course of his employment.

To determine if that burden has been met requires more than the recognition that summary judgment is an "extreme remedy." The Supreme Court of Arkansas has said that the theory underlying the motion is the same as that underlying a motion for directed verdict and that the evidence must be viewed "in the light most favorable to the party resisting the motion, with all doubts and inferences being resolved against the moving party." *Russell* v. *City of Rogers*, 236 Ark. 713, 368 S.W.2d 89 (1963). If the evidence is not in material dispute, but inconsistent hypotheses might be reasonably drawn and reasonable men might differ, summary judgment is not proper. *Braswell* v. *Gehl*, 263 Ark. 706,

567 S.W.2d 113 (1978); *Deltic Farm & Timber Co.* v. *Manning*, 239 Ark. 264, 389 S.W.2d 435 (1965). And if there is any doubt whatever as to the existence of issues of fact, summary judgment should be denied. *Trace X Chemical, Inc.* v. *Highland Resources, Inc.*, 265 Ark. 468, 579 S.W.2d 89 (1979).

On the other hand, when the question is before, or on appeal from, the Workers' Compensation Commission we have an entirely different point of view. For example, *Williams & Johnson* v. *Nat'l. Youth Corps.*, 269 Ark. 649, 600 S.W.2d 27 (Ark. App. 1980), involved two boys working in a federally funded work-study program supervised and administered by a local school district. They were injured while riding home in the school bus after work. The commission allowed their claims for compensation but the circuit court reversed. This court reversed the circuit court and said:

> It was the duty of the commission to draw every legitimate inference possible in favor of the claimants and to give them the benefit of the doubt in making factual determinations. . . . Further, the commission in considering a claim is required to follow a liberal approach . . . . (Citations omitted.)

Also, the court said, the decision of the commission must be affirmed if supported by substantial evidence and in making that determination the evidence must be viewed in the light most favorable to the findings of the commission.

Here, the mother of Thomas Daniels testified by deposition that shortly before his death, Thomas started working at the Handicapped Center and would ride the van from his home to the center in the mornings but he did not ride the van home in the afternoon because he did not get off work until after the van left. It was her testimony that she made arrangements for her mentally and physically handicapped son to ride the van and she did not understand this was part of his work.

The majority cites the cases of *Blankinship Logging*

*Co.* v. *Brown,* 212 Ark. 871, 208 S.W.2d 778 (1948) and *Owens* v. *Southeast Arkansas Transportation Co.,* 216 Ark. 950, 228 S.W.2d 646 (1950) in support of their holding in the instant case that the motion for summary judgment was properly granted. *Blankinship* simply held that the finding of the commission was supported by substantial evidence and *Owens* held that the commission's finding was not supported by substantial evidence because it was undisputed that free transportation was part of the employment contract.

We are not, however, reviewing the findings of a Workers' Compensation Commission and we should not apply a rule that draws every legitimate inference in favor of coverage and affirms the commission if there is any substantial evidence to support its findings. We are reviewing the granting of a motion for summary judgment and we should apply the rule that says we must resolve all doubts and inferences against the moving party and if there is any doubt as to the existence of issues of fact, the motion should be denied. In my opinion, the application of that rule means the motion in this case should have been denied.

COOPER and CLONINGER, JJ., join in this dissent.