806 P.2d 426

**Gerald D. HANSEN, Plaintiff–Appellant,**

v.

**ESTATE OF James Scott HARVEY; John Doe One, Personal Representative of James Scott Harvey; and Don Harvey, Jr., Defendants–Respondents.**

**Robert C. LEHMAN, Plaintiff–Appellant,**

v.

**ESTATE OF James Scott HARVEY; John Doe One, Personal Representative of James Scott Harvey; and Don Harvey, Jr., Defendants–Respondents.**

No. 18628.

Supreme Court of Idaho, Coeur d'Alene, October 1990 Term.

Feb. 12, 1991.

**334**

Michael J. Verbillis, Coeur d'Alene, argued, for plaintiff-appellant Hansen.

Michael J. Vrable, Hayden Lake, argued, for plaintiff-appellant Lehman.

Clements, Brown & McNichols, Lewiston, for defendants-respondents. Bentley G. Stromberg, argued.

BAKES, Chief Justice.

This is a review of a decision of the Idaho Court of Appeals. Appellants Hansen and Lehman appealed from the district court's order granting respondent Harvey's motion for summary judgment, based on the district court's conclusion that they were injured during the course of their employment and thus their tort claim against Harvey, their employer, was barred. The Court of Appeals affirmed the district court's decision. 119 Idaho 357, 806 P.2d 450. We granted appellants' petition for review and now affirm.

In 1985, Don Harvey employed Hansen and Lehman in his roofing business. His business was primarily located in St. Maries, Idaho, but he frequently had jobs in the surrounding area, including Washington, so he bought Washington worker's compensation insurance. When the job was outside of St. Maries, both appellants generally rode with Harvey's son James in a company truck to the job site. On July 16, 1985, James apparently fell asleep at the wheel while driving in Washington on the way to a job site in Spokane, Washington. The truck ran off the road, killing James Harvey and injuring both appellants.

Appellants applied for Washington worker's compensation benefits.[1] The Washington Department of Labor and Industries (Department) investigated the claims, determined that appellants' injuries arose out of the course of their employment in Washington, and awarded them both worker's compensation. So far, Hansen has collected $53,545 and Lehman has collected $26,875 in benefits. Both plaintiffs also have permanent disability claims pending before the Washington Department of Labor and Industries.

After receiving their worker's compensation benefits, appellants filed suit against their employer, Don Harvey, in Idaho district court, alleging that their injuries were caused by James Harvey's negligence and that such negligence should be imputed to their employer, Don Harvey. The district court concluded as a matter of law that appellants' injuries arose out of the course of their employment and thus dismissed their tort claims against the employer, Don Harvey, pursuant to I.C. §§ 72–209 and 72–211.

The Court of Appeals affirmed the district court's decision, following this Court's opinion in *Eriksen v. Nez Perce County*, 72 Idaho 1, 235 P.2d 736 (1951), that any accident which occurs when an employee is going to or from work in transportation provided by the employer is deemed to have happened within the course of employment. The Court of Appeals stated:

> [I]t is undisputed that Hansen and Lehman were passengers in a vehicle furnished by their employer, as they traveled to work in Spokane. It is also undisputed that the vehicle was kept and maintained for use in the roofing business. Hansen and Lehman have asserted that they were not paid for commuting and that they did not always ride in the Harvey vehicle. However, these assertions, even if true, do not alter what we deem to be the sole material fact— that they were riding in employer-provided transportation when the accident occurred. At that time, the employer had extended the risks of employment to include transportation, and the course of employment had been extended commensurately.

1. Appellant Hansen did not personally apply for benefits. Rather, Hansen's wife filed and signed his worker's compensation application while he was hospitalized. Hansen accepted the benefits and is still pursuing further benefits in Washington.

Hansen and Lehman further argue that the employer-provided transportation exception was mentioned merely as a dictum in *Eriksen*. This may be so, but we find the exception to be conceptually sound and widely recognized. We adopt it as the basis of our decision today. Accordingly, we conclude, as did the district court, that the accident occurred in the course of employment. Worker's compensation provided the exclusive remedy. A tort suit against the employer and against the fellow employee's estate was barred by I.C. § 72–209.

The question presented here is whether the district court correctly held that appellants were within the course of their employment at the time of the accident.

◼ Summary judgment should only be granted when no genuine issues of material fact exist after the pleadings, depositions, admissions and affidavits have been construed most favorably to the opposing or non-moving party, and when the moving party is entitled to judgment as a matter of law. *Dekker v. Magic Valley Regional Medical Center*, 115 Idaho 332, 333, 766 P.2d 1213, 1214 (1988); *Corbridge v. Clark Equipment Co.*, 112 Idaho 85, 86, 730 P.2d 1005, 1006 (1986); *Anderson v. City of Pocatello*, 112 Idaho 176, 179, 731 P.2d 171, 174 (1986). Liberal construction of the facts in favor of the non-moving party requires the court to draw all reasonable factual inferences in favor of the non-moving party. *Williams v. Blakley*, 114 Idaho 323, 324, 757 P.2d 186, 187 (1988); *Blake v. Cruz*, 108 Idaho 253, 255, 698 P.2d 315, 317 (1985).

Appellants argue that the district court and the Court of Appeals erred in following what appellants contend was merely dicta in the *Eriksen v. Nez Perce County* case, to the effect that any accident which occurs when an employee is going to or from work in transportation provided by the employer is deemed to have happened within the course of employment. Appellants argue that in this case there was a triable issue of fact over whether or not they were within the course of their employment at the time of the accident, and therefore summary judgment against them was improper. However, before addressing that issue, we must first address the issue of what effect the adjudication of the Washington Industrial Commission, holding that appellants were within the course of their employment when the accident occurred, has on the Idaho district court action.

I

◼ In *Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976), this court was confronted with the question of which tribunal had jurisdiction to decide whether an employee was within the course of employment, the district court or the Idaho Industrial Commission, and what the effect of a prior adjudication by the Industrial Commission had on the district court's adjudication. Considering those issues, we stated:

The two possible rules defining the authority of the Industrial Commission *vis-a-vis* the district court to determine jurisdiction are that the decision of the tribunal which first decides whether it has jurisdiction to consider the matter shall prevail or that the decision of the tribunal in which the matter is first filed shall prevail. In *Scott* the Supreme Court of California overruled existing case law in the intermediate California appellate courts which had decided cases under the former rule and instead adopted the latter—that the decision of the tribunal in which a matter is first filed shall prevail. We are persuaded by their reasoning.

"It has been suggested that to hold that the right to proceed in the exercise of jurisdiction shall depend on the fact of priority or invocation, will tend to promote a footrace to filing. It may be answered that initially both tribunals have jurisdiction to determine jurisdiction, and that if ultimate jurisdiction were to depend on the first final judgment, then we should still have the footrace but it would be a marathon rather than a sprint. With the law as it is, a race may be inevitable, but if it is, we prefer that it be a sprint." (Citations omitted.)

We recognize that adoption of either of the rules we have mentioned will undoubtedly lead to inconvenience in one case or another. However, like the California court, we prefer the sprint to the marathon and find that it gives a more workable rule of law. Accordingly, we hold that *if the notice of injury was filed with the Industrial Commission before the plaintiffs filed their original complaint with the district court, then the Industrial Commission has the first right to determine the jurisdictional issue [course of employment], and its determination is res judicata upon the question of jurisdiction and the factual questions upon which the determination of jurisdiction must necessarily turn.*

97 Idaho at 824–25, 555 P.2d 144 (*quoting Scott v. Industrial Accident Commission,* 46 Cal.2d 76, 293 P.2d 18, 25 (1956)) (emphasis added).

Washington has developed a similar rule. In *Shoopman v. Calvo,* 63 Wash.2d 627, 388 P.2d 559 (1964), on facts strikingly similar to the facts of this case, the plaintiff was injured when a truck, driven by a fellow employee and in which he and another employee were passengers, went off the road while all three were on their way to work. The plaintiff received Washington worker's compensation benefits after the Washington Department of Labor and Industries determined that he was injured within the course of his employment. The plaintiff then filed a negligence action in Washington, claiming that he was not injured while within the course of employment and that he was not bound by the Department's decision. The Washington court refused to independently determine whether the plaintiff was injured within the course of his employment, stating that

"the determination of this issue by the department is res judicata in view of the record in this case." 388 P.2d at 560. In reaching this conclusion, the court stated:

If the department erroneously makes a determination, the proper procedure is not to bring an action against the employer, as was done here, but to appeal as authorized in the act. A workman has his choice either to accept the department's determination, or he may appeal from it, but if he chooses not to appeal, he is concluded by the decision.

388 P.2d at 560–61. Under the *Anderson* and *Shoopman* cases the Washington and Idaho law are the same. A prior adjudication by the Industrial Commission on the issue of course of employment is *res judicata* in a subsequently filed tort action.

Appellants Hansen and Lehman filed for and received worker's compensation benefits from the Washington Department of Labor and Industries *before* they filed the present tort actions. The Washington Department determined that appellants were injured within the course of their employment. No appeal was filed from that determination. Both appellants are collecting benefits under that ruling. Thus, under both the Idaho law in *Anderson, supra,* and the Washington law in *Shoopman, supra,* that determination is *res judicata* in any later district court proceedings on the issue of course of employment. In both Idaho and Washington, pursuant to I.C. § 72–211[2] and R.C.W. § 51.32.010[3], a person injured in the course of employment has *only* one claim against the employer, and that claim is under the Worker's Compensation Act, not a tort action. Since appellants were determined to have been injured while in the course of their employment by the Washington Com-

---

2. 72–211. **Exclusiveness of employee's remedy.**—Subject to the provisions of section 72–223, the rights and remedies herein granted to an employee on account of an injury or occupational disease for which he is entitled to compensation under this law shall exclude all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or disease.

3. R.C.W. § 51.32.010. **Who entitled to compensation**—Each worker injured in the course of his or her employment, or his or her family or dependents in case of death of the worker, shall receive compensation in accordance with this chapter, and, except as in this title otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever. . . .

mission, and since they did not appeal that finding, they are now precluded from bringing this action. *Anderson v. Gailey, supra; Shoopman v. Calvo, supra.*[4] The district court was correct in so holding.

The only possible distinguishing factor between this case and either *Anderson v. Gailey* or *Shoopman v. Calvo*, is that in this case the appellants filed their tort actions in Idaho when their worker's compensation claims were filed in Washington. In both *Anderson* and *Shoopman*, the tort and worker's compensation claims were filed in the same state. However, collateral estoppel precludes relitigating the course of employment issue, regardless of whether the claims are in two different states. *Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980) ("[T]he factfindings of state administrative tribunals are entitled to the same res judicata effect in the second State as findings by a court."). 448 U.S. at 281, 100 S.Ct. at 2661. The concurring opinion in *Thomas* agreed, stating that "factual determinations by a workmen's compensation board will be entitled to collateral-estoppel effect in a second forum." 448 U.S. at 287, 100 S.Ct. at 2664.

In Idaho, we have frequently held that collateral estoppel will preclude relitigation of an issue that has been actually litigated and resolved in a prior suit. *See Runcorn v. Shearer Lumber Products, Inc.*, 107 Idaho 389, 690 P.2d 324 (1984); *Rajspic v. Nationwide Mut. Ins.*, 104 Idaho 662, 662 P.2d 534 (1983); *Shea v. Bader*, 102 Idaho 697, 638 P.2d 894 (1981); *Pocatello Ind. Park Co. v. Steel West, Inc.*, 101 Idaho 783, 621 P.2d 399 (1980); *Duff v. Draper*, 96 Idaho 299, 527 P.2d 1257 (1974). *See Barringer v. State*, 111 Idaho 794, 727 P.2d 1222 (1986), where in a similar case in which an injured employee had received worker's compensation benefits in Washington and filed a third party tort action in the State of Idaho, in which the third party tortfeasor sought indemnification and contribution against the Washington employer, this Court stated: "Washington's interest in employer immunity is substantially protected under Idaho law since the employer cannot be held liable beyond the amount already paid to the injured employee in worker's compensation benefits." 111 Idaho at 797, 727 P.2d 1222.[5]

In this case, the Washington Department of Labor and Industries specifically found that appellants had been injured within the course of their employment. Thus, under

**4.** Appellants claim that they received worker's compensation in Washington only because of Don Harvey's alleged misrepresentation to the Washington Industrial Commission that appellants had performed some duties in loading the truck prior to leaving for the job site. In support of their present action, they now argue that they were not working when the accident occurred. Don Harvey's alleged fraud, they argue, precludes their worker's compensation award from having the effect of *res judicata*, relying on *Robinson v. Robinson*, 70 Idaho 122, 212 P.2d 1031 (1949) ("In the absence of fraud or collusion a judgment is conclusive as between the parties and their privies on all issues which were (or should have been) litigated in the action."). However, it was appellants who asserted before the Washington Industrial Commission that they were within the course of their employment at the time of the accident, a fact which the employer never denied. Appellants have never appealed from the Commission's finding that they were within the course of their employment, nor does the record reflect any effort by appellants to set aside the Commission's award of benefits to them. In fact, they continue to claim further compensation for per-

manent disability before the Washington Commission, which is an affirmance of that Commission's finding that they were within the course of their employment at the time of the accident. Their worker's compensation award specifically stated that "any appeal from this order must be made to the Board of Industrial Insurance Appeals, Olympia, within 60 days from the date this order is communicated to the parties, or the same shall become final." Since appellants did not appeal the Commission's decision, they cannot now collaterally attack its validity. *Shoopman, supra.*

**5.** I.C. § 72–218 provides that if an injured employee receives worker's compensation benefits from another state he may also make a claim for worker's compensation benefits in this state, but the earlier award will be credited against the benefits the employee is entitled to receive under Idaho law. Thus, by requiring a credit of the foreign worker's compensation award against any subsequent worker's compensation award received in Idaho, I.C. § 72–218 implicitly recognizes that the foreign award and the findings of fact which support that award, must be recognized and given credit.

*Thomas, Rajspic, Anderson v. Gailey,* and *Shoopman v. Calvo, supra,* appellants are precluded from relitigating in this tort action the Washington Industrial Commission's determination that they were injured within the course of their employment. Under I.C. § 72–211, worker's compensation is the only remedy available to a person injured in the course of his employment.

## II

■ We also affirm the district court's dismissal for the additional reason set out in the Court of Appeals' opinion which adopted the exception to the going and coming rule, described in *Eriksen v. Nez Perce County,* 72 Idaho 1, 235 P.2d 736 (1951), where this Court stated that *"where going [to work] or returning [from work] in some transportation facility furnished by the employer,"* an employee is deemed to be within the course of employment. 72 Idaho at 4, 235 P.2d 736 (emphasis added). This rule has also been described in Larson's treatise on worker's compensation law as follows:

> If the trip to and from work is made in a truck, bus, van, car, or other vehicle under the control of the employer, an injury during that trip is incurred in the course of employment.... The reason for the rule in this section depends upon the extension of risks under the employer's control.

1 Larson, *Workmen's Compensation Law,* § 17.11. A majority of states which have addressed this issue have also adopted this exception in some form. *See J.D. Dutton, Inc. v. Industrial Comm'n,* 120 Ariz. 199, 584 P.2d 1190 (Ariz.Ct.App.1978); *Daniels v. Commercial Union Ins. Co.,* 5 Ark.App. 142, 633 S.W.2d 396 (1982); *Esquer v. Teresi,* 105 Cal.App.2d 89, 232 P.2d 895 (1951); *Lind Eng'r Co. v. Auxer,* 519 P.2d 1211 (Colo.Ct.App.1974); *Boyd v. Chase,* 89 Ind. App. 374, 166 N.E. 611 (1929); *Watson v. Grimm,* 200 Md. 461, 90 A.2d 180 (1952); *Torres v. Armond Cassil Co.,* 115 Mich. App. 690, 321 N.W.2d 776 (1982); *Radermacher v. St. Paul City Ry.,* 214 Minn. 427, 8 N.W.2d 466 (1943); *Lassabe v. Simmons Drilling, Inc.,* 228 Mont. 94, 743 P.2d 568 (1987); *Kopfman v. Freedom Drilling*

*Co.,* 220 Neb. 323, 370 N.W.2d 89 (1985); *Southerland v. Christian, Inc.,* 629 P.2d 799 (Okla.1981); *Pickrel v. Martin Beach, Inc.,* 80 S.D. 376, 124 N.W.2d 182 (1963); *Aloha Lumber Corp. v. Department of Labor & Indus.,* 77 Wash.2d 763, 466 P.2d 151 (1970).

Under the Larson approach which was adopted by this Court in *Eriksen v. Nez Perce County,* 72 Idaho 1, 235 P.2d 736 (1951), any time an employee is injured while going to or coming from work in transportation provided by his employer, he is considered to be within the course of employment. The rationale underlying this rule is that "the risks of the employment continue throughout the journey" and since the employer is in control of those risks by providing the transportation, the employee is considered to be within the course of his employment. 1 Larson at § 17.00. As Larson points out, "The distinction between transportation provided by contract and transportation provided without agreement or as a courtesy is being increasingly questioned, since the fundamental reason for extension of liability—the extension of the actual employer-controlled risks of employment—is not affected by the question whether the transportation was furnished because of obligation or out of courtesy." 1 Larson at § 17.30. Furthermore, application of this rule avoids repeated litigation as to whether transportation provided by an employer to an employee was in fact a customary or contractual incident to employment. The Larson rule also promotes a basic policy underlying the concept of worker's compensation that the worker's compensation act is to be construed liberally in favor of worker's compensation coverage of claimants. *See Miller v. Amalgamated Sugar Co.,* 105 Idaho 725, 672 P.2d 1055 (1983); *Jones v. Morrison–Knudsen Co.,* 98 Idaho 458, 567 P.2d 3 (1977); *Hattenburg v. Blanks,* 98 Idaho 485, 567 P.2d 829 (1977).

In this case, appellants were riding in a truck provided by Don Harvey, their employer, and driven by his son, James Harvey, and were on their way to work when the accident occurred. Accordingly, as we said in *Eriksen,* they were injured within the course of their employment and, pursu-

ant to I.C. § 72–211, worker's compensation benefits are appellants' exclusive remedy. For this additional reason, we affirm the district court's decision to grant respondent's motion for summary judgment.

BOYLE and McDEVITT, JJ., concur.

JOHNSON, Justice, concurring specially and dissenting.

I concur specially in part I of the Court's opinion. In my view, whether Washington has adopted a rule similar to the one adopted by this Court in *Anderson v. Gailey,* 97 Idaho 813, 555 P.2d 144 (1976) is not pertinent to our decision. Our own rule of collateral estoppel is sufficient to dispose of the appeal here.

I dissent from part II. The first ground for my dissent is that this part of the opinion is dictum because it is unnecessary to the disposition of this case. The second ground for my dissent is that I would not adopt an exception to the going and coming rule merely because the employee is traveling in a vehicle furnished by the employer. The reference to this exception in *Eriksen v. Nez Perce County,* 72 Idaho 1, 4, 235 P.2d 736, 737 (1951) is dictum.

BISTLINE, Justice, dissenting.

The majority affirms the summary judgment, precluding the plaintiffs from going forward with their tort suit, for two reasons. First, the majority holds that a different state's determination that the plaintiff workers were injured during their employment prevents an Idaho court from ruling otherwise. Second, the majority points to the "going and coming" rule as clear proof that the plaintiffs were in fact and without doubt injured during their employment, and are therefore precluded from bringing a tort action in Idaho against their employer to recover for their injuries.

A proper examination of the issues, however, would convince the Court to send the case back for trial, because genuine issues of material fact remain, prohibiting summary judgment. To begin with, the law does not prevent pursuing successive workers' compensation awards. A case cited by the majority holds just that, and a provision of Idaho's workers' compensation laws provides for it. *See Thomas v. Washington Gas Light Co.,* 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980); I.C. § 72–218.

Given the above, it follows that the plaintiffs should have been able to bring a workers' compensation action against their employer in Idaho, even after successfully bringing their Washington workers' compensation case. Indeed, the court explicitly relies upon its belief that the plaintiffs could have brought an Idaho workers' compensation claim when all in the same breath the Court precludes this tort action from going to trial: "Under I.C. § 72–211, workers' compensation is the only remedy available to a person injured in the course of his employment." At 338, 806 P.2d at 431. The majority must be assuming that Idaho's workers' compensation laws do apply, on the questionable ground that Washington's workers' compensation law was applied by a Washington tribunal.

If the Idaho workers' compensation law were applicable, I would agree with the majority that the summary judgment should be affirmed. However, what the majority fails to acknowledge is that another state's determination that their workers' compensation law applies to an injury does not preclude some other state from finding that its workers' compensation law does *not* apply. Washington did not apply Idaho law in concluding that the plaintiffs were covered by Washington workers' compensation. In determining whether Idaho workers' compensation should apply, Idaho courts are not bound to consider the decision of a Washington tribunal, applying Washington law.

A proper resolution of the issues presented by this case would begin with a review of Idaho workers' compensation law. The injury occurred in Washington, not Idaho. When an injury occurs outside of the state, the injured employee is eligible for Idaho workers' compensation benefits if and only if I.C. § 72–217 is satisfied. That provision provides for "extraterritorial coverage" in certain instances:

> **72–217. Extraterritorial coverage.—** If an employee, while working outside the territorial limits of this state, suffers an injury or an occupational disease on account of which he, or in the event of

death, his dependents, would have been entitled to the benefits provided by this law had such occurred within this state, such employee, or, in the event of his death resulting from such injury or disease, his dependents, shall be entitled to the benefits provided by this law, provided that at the time of the accident causing such injury, or at the time of manifestation of such disease:

(1) His employment is principally localized in this state; or

(2) He is working under a contract of hire made in this state in employment not principally localized in any state; or

(3) He is working under a contract of hire made in this state in employment principally localized in another state, the workmen's compensation law of which is not applicable to his employer; or

(4) He is working under a contract of hire made in this state for employment outside the United States and Canada.

There is a colorable claim that this injury is not covered by I.C. § 72–217, and is therefore not compensable under the Idaho workers' compensation laws. If that is so, then the plaintiffs are not precluded from bringing a tort action in Idaho against their employer, and further proceedings are (at least) required to determine whether the plaintiffs are in fact considered uninsured by Idaho workers' compensation law.

To be covered for an extraterritorial injury, the worker's claim under I.C. § 72–217 must fit within one of four categories. If it does not, the worker is no longer a claimant and must find redress in a form and forum other than the Idaho Workers' Compensation Act. It appears that I.C. § 72–217(3) is appropriate to this controversy: A claimant is covered for an extraterritorial injury whenever "[h]e is working under a contract of hire made in this state in employment principally localized in another state, the workmen's compensation law of which is not applicable to his employer...." It also appears that there is a triable issue of fact as to whether I.C. § 72–217, which *must* be satisfied for a tort action to be precluded, has indeed been satisfied. As the majority points out, the employees were compensated under Washington workers' compensation in part be-

cause the employer paid for that insurance and was therefore satisfied that his employees receive recompense pursuant to Washington law. Obviously, the employer in this case had not entered into an I.C. § 72–221 agreement with his employees, providing Idaho coverage for out of state injuries. Given that additional fact, and the fact that the majority does not even mention I.C. § 72–217, this case is not appropriate for summary judgment dismissal.

The majority assumes that the issue whether Idaho workers' compensation law applies has already been decided. The majority opinion correctly points out that there is something known as the going and coming rule, and that this rule is applicable to this controversy. However, it would be applicable only if the requirements for workers' compensation jurisdiction had been met and were obvious. Given that the injury occurred in another state, that jurisdictional question must be answered by satisfying I.C. § 72–217. No amount of going or coming will change that fact.