695 A.2d 767

LORD CORPORATION, a corporation, Appellant,

v.

Diana G. POLLARD, Administratrix of the Estate of Thomas C. Pollard, Deceased, Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 17, 1996.

Decided May 20, 1997.

126

Peter Molinaro, Jr., Pittsburgh, for Appellant.

Irving M. Portnoy, Timothy J. Cornetti, Pittsburgh, for Diana G. Pollard.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### *ORDER*

PER CURIAM:

AND NOW, this 20th day of May, 1997, the Court being equally divided, the order of the Superior Court is affirmed.

NIGRO, J., files an opinion in support of affirmance in which CAPPY and NEWMAN, JJ., join.

FLAHERTY, C.J., files an opinion in support of reversal in which ZAPPALA and CASTILLE, JJ., join.

NIGRO, Justice, in Support of Affirmance.

In this wrongful death action, Appellant Lord Corporation ("Lord") appeals from the order of the Superior Court reversing the order of the Court of Common Pleas of Crawford County, granting Lord's preliminary objections in the nature of a demurrer and dismissing Appellee Diana Pollard's ("Pollard") complaint. For the reasons which follow, we would affirm.

Prior to his death in 1992, Pollard's husband had worked as a maintenance mechanic for Lord, a manufacturer and distributor of aerospace components. Pollard filed a wrongful death action under 42 Pa.C.S. §§ 5524(2) and 8301 against Lord,

claiming that her husband died as a result of complications from malignant nodular lymphoma acquired through his exposure to "numerous toxic and deadly chemicals" while employed in Lord's chemical products division. Pollard further alleged that the decedent's exposure to these chemicals was due to Lord's negligence.[1]

Lord filed preliminary objections to the complaint averring that Pollard's claim is barred by the exclusivity provisions of the Workers' Compensation Act ("WCA"), 77 P.S. §§ 1–1603 (1992 & Supp.1995),[2] and the Occupational Disease Act ("ODA"), 77 P.S. §§ 1201–1603 (1992).[3] The trial court granted the preliminary objections and dismissed Pollard's complaint. On appeal, the Superior Court reversed, reasoning that the trial court's order granting a demurrer was premature because there had been no determination of compensability and this question could not be resolved from the pleadings.[4]

1. Pollard avers in her complaint that the alleged occupational disease, malignant nodular lymphoma, is "a disease which is not peculiar to the aerospace component manufacturing industry or to decedent's occupation as a maintenance mechanic and is a disease common to the general population." Pl.'s compl., para. 10, RR. 3a.

2. The exclusivity clause of the WCA provides, in pertinent part:

   The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death....

   77 P.S. § 481(a)(1992)(footnote omitted).

3. The exclusivity provision of the ODA provides as follows:

   Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties of their rights to any form or amount of compensation or damages for any disability or death resulting from occupational disease, or to any method of determination thereof, other than as provided in article three of this act. Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife, or husband, widow or widower, next of kin, and other dependents.

   77 P.S. § 1403 (1992)(footnote omitted).

4. Pollard subsequently filed a workers' compensation claim, which Lord contests, but, to date, no final adjudication has been made with respect to her claim.

*Pollard v. Lord Corporation,* 445 Pa.Super. 109, 119–120, 664 A.2d 1032, 1037 (1995).

■ The sole issue before this Court is whether Pollard's civil action may proceed before a final administrative determination has been made regarding compensability under the WCA or the ODA.

■ In an appeal from an order sustaining preliminary objections in the nature of a demurrer, an appellate court must admit as true for purposes of review all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom. *Kyle v. McNamara & Criste,* 506 Pa. 631, 634, 487 A.2d 814, 816 (1985); *Santiago v. Pennsylvania Nat'l Mut. Cas. Ins. Co.,* 418 Pa.Super. 178, 184, 613 A.2d 1235, 1238 (1992). The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Santiago,* 418 Pa.Super. at 184, 613 A.2d at 1238.

■ In the present case, Pollard's complaint makes no averment with respect to recovery under either the WCA or the ODA. In its preliminary objections, Lord simply asserts that the WCA and the ODA are a complete bar to Pollard's cause of action. While it is true that an employee may not bring a common law cause of action against an employer if recovery is possible under either the WCA or the ODA, *Ducjai v. Dennis,* 540 Pa. 103, 109, 656 A.2d 102, 104–05 (1995); *Alston v. St. Paul Ins. Cos.,* 531 Pa. 261, 267, 612 A.2d 421, 424 (1992); *Greer v. United States Steel Corp.,* 475 Pa. 448, 451, 380 A.2d 1221, 1222 (1977), Lord's mere assertion that Pollard's claim is barred by these Acts, without more, is insufficient to support a demurrer.

This Court has previously examined the question of whether an employee's common law action is barred under circumstances similar to those presented here. In *Boniecke v. McGraw–Edison Co.,* 485 Pa. 163, 401 A.2d 345 (1979), an employee commenced an action in trespass against his employer after being denied relief under the ODA. The employer then filed a motion for summary judgment, contending, as

Lord does in the present case, that the ODA and WCA bar all common law actions by an employee against his employer for occupational diseases. This Court rejected the employer's argument, holding that the employee's claims were not barred because although the employee had been denied relief under the ODA, there had been no adjudication of the employee's rights under the WCA, and "there [was] nothing in the record, aside from [the employer's] mere allegations, which would indicate that [the employee was] entitled to relief under the Acts." *Boniecke*, 485 Pa. at 167, 401 A.2d at 347.

We reached a similar conclusion in *Greer*, wherein an employee sought common law recovery for a disease allegedly contracted in the course of employment due to the negligence of the employer. The employer's answer to the complaint claimed, in part, that the employee's exclusive remedy was under the ODA. In rejecting the employer's claim, we reasoned that:

> [i]n the pleadings we have no assertions by either side as to whether the existence of [the applicable conditions of the ODA] can or cannot be demonstrated nor have we had any argument by counsel as to who has the burden of proof on the issue. In any event, the uncertainty of this factual question makes it inappropriate for the grant of judgment on the pleadings.

*Greer*, 475 Pa. at 453, 380 A.2d at 1223.

In accordance with our decisions in *Boniecke* and *Greer*, we would hold that an employee's common law action is not barred by the exclusivity provisions of either the WCA or the ODA until there has been a final determination that the injury or disease in question is cognizable under either Act.[5] *See Boniecke; Greer.* Thus, in the present case, if it is determined that decedent's nodular lymphoma is compensable, then Pollard's common law action is barred. Conversely, if the facts do not warrant such a finding, her common law cause of action may be maintained. *See Boniecke*, 485 Pa. at 167, 401 A.2d at 346–47; *Greer*, 475 Pa. at 453, 380 A.2d at 1223.

---

5. Thus, the employee's common law cause of action should be preserved until the employee's claim has been fully litigated and the appellate process exhausted.

Accordingly, we would affirm the decision of the Superior Court and remand the matter to the trial court to stay all proceedings pending final disposition of the workmen's compensation proceedings.[6]

CAPPY and NEWMAN, JJ., join in this opinion in support of affirmance.

FLAHERTY, Chief Justice, in Support of Reversal.

I would reverse the order of the Superior Court on the basis that the trial court properly dismissed appellee's complaint seeking recovery for wrongful death. Where, as in the present case, negligence of the employer was alleged to have caused the death of an employee, preliminary objections raising the exclusivity provisions of the Workmen's Compensation Act, 77 P.S. § 481(a), and the Occupational Disease Act, 77 P.S. § 1403, were properly sustained. Where it is clearly ascertainable from the pleadings that a claim based on the employer's negligence is cognizable under the workmen's compensation statute, it is desirable to dispose of the claim through preliminary objections rather than preserve the claim until administrative remedies have been fully pursued and the appellate process exhausted. To fail to dispose of such claims at the earliest possible stage is to expose the defendant-employer to an extended period of uncertainty regarding ultimate liability. This burdens the employer unnecessarily and can create ramifications for the employer's business that are not warranted in light of the goal of the workmen's compensation statute to proscribe the employer's liability to such suits.

ZAPPALA and CASTILLE, JJ., join in this opinion in support of reversal.

6. The parties should not proceed with discovery until a final determination regarding compensability has been made. Future claimants should similarly be permitted to file a common law action prior to the final adjudication of their workers' compensation claims so as to preserve the statute of limitations for their common law claims. As in the present case, the trial court would then issue a stay pending administrative action.