979 P.2d 619

Jerry D. BAKER and Sheila Baker, husband and wife, Plaintiffs–Appellants,

v.

Bobby Joe SULLIVAN, Jr., individually, and Muriel Sullivan and Bobby Joe Sullivan, Sr., husband and wife, dba Elite Concrete Construction, Defendants–Respondents.

No. 24324.

Supreme Court of Idaho, Boise, November 1998 Term.

March 16, 1999.

Rehearing Denied May 21, 1999.

Michael J. Vrable, Hayden, for appellants.

Elam & Burke, P.A., Boise, for respondents. James A. Ford argued.

SILAK, Justice.

This is an appeal from an order granting summary judgment in favor of the defendants in a negligence action. The plaintiffs sought to recover damages resulting from personal injuries suffered by the plaintiff Jerry D. Baker (Baker) in a motor vehicle accident.

Prior to filing the instant action, Baker sought worker's compensation relief from his employer at the time of the accident, respondent Elite Concrete Construction (Elite Concrete), and the Idaho State Insurance Fund (ISIF), as Elite Concrete's surety. After a hearing, the Industrial Commission concluded that Baker was injured within the course and scope of employment; however, it did not determine the extent of Baker's impairment or disability pursuant to Baker's request. When the ISIF contested the amount of compensation to be awarded, the Bakers filed the instant negligence action in the district court, alleging that Elite Concrete and a co-employee of Baker were negligent. The district court granted the defendant's motion for summary judgment based on the exclusive remedy and co-employee immunity provisions of Idaho's worker's compensation law. Baker appeals.

## I.

### FACTS AND PROCEDURAL BACKGROUND

#### A. Facts

In July, 1994, Baker was an employee of Elite Concrete which was owned by respondent Bobby Joe Sullivan, Sr. (Sullivan Sr.). Respondent Bobby Joe Sullivan, Jr. (Sullivan Jr.) was also an employee of Elite Concrete at that time, acting as its foreman.

On July 8, 1994, Baker was a passenger in a pickup truck operated by Sullivan Jr. and owned by Sullivan Sr. The truck was involved in an accident while Sullivan Jr. and Baker

were driving from one Elite Concrete job site to another. Baker suffered brain stem injuries, a concussion, and lacerations.

On March 30, 1995, Baker filed a worker's compensation complaint against Elite Concrete and the Idaho State Insurance Fund seeking time-loss benefits and medical benefits. In that complaint, Baker reserved the issue regarding the "extent of impairment/disability" to be decided separately. After a hearing, the Industrial Commission determined that Baker suffered a work-related accident on July 8, 1994. The extent of Baker's impairment and/or disability, if any, as a result of the injuries suffered in the accident, is an issue presently pending before the Industrial Commission. On April 19, 1995, in answering Baker's worker's compensation complaint, the ISIF asserted that no additional benefits were due the claimant, Baker. It also indicated that as of April 19, 1995 it had paid as compensation to Baker the following amounts: PPD, $2,000.00, TTD, $3,001.60, and medical benefits, $23,349.27.

**B. Procedural Background**

On June 9, 1997, Baker and his wife filed the instant action alleging that the respondents were negligent, seeking recovery for personal injury damages resulting from the July 8, 1994 accident.

On August 25, 1997, the respondents moved for summary judgment seeking dismissal of Baker's complaint on the grounds that it was barred by the exclusive remedy provisions of Idaho's worker's compensation law as it related to claims against Sullivan Sr. *See* I.C. §§ 72–201, 72–209, 72–211. Respondents also asserted that the claim was barred by the co-employee immunity provisions of the worker's compensation law as it related to claims against Sullivan Jr. *See* I.C. §§ 72–209(3), 72–211. Finally, respondents argued that the claim was barred against all respondents for Baker's failure to comply with the applicable statute of limitations, I.C. § 5–219.

On November 3, 1997, the district court granted the respondents' motion for summary judgment. The court ruled that Baker failed to establish facts which would take Baker's claims against the Sullivans outside of the exclusive remedy and co-employee doctrines of Idaho's worker's compensation law. On November 17, 1997, the district court entered judgment dismissing Baker's case with prejudice.

**II.**

**ISSUE ON APPEAL**

1. Whether the district court erred in granting the motion for summary judgment based on the exclusive remedy provisions of Idaho's worker's compensation law where the Industrial Commission had not yet determined the amount of compensation to be awarded to Baker, and the ISIF was contesting the amount of compensation to be awarded.

**III.**

**STANDARD OF REVIEW**

 It is well established that on appeal from an order granting summary judgment, the standard of review is the same standard used by the district court in ruling on the summary judgment motion. *See Avila v. Wahlquist*, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995); *Thomson v. Idaho Ins. Agency*, 126 Idaho 527, 529, 887 P.2d 1034, 1036 (1994). On review of summary judgment, all disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *See Avila*, 126 Idaho at 747, 890 P.2d at 333; *Thomson*, 126 Idaho at 529, 887 P.2d at 1036. Summary judgment is appropriate if "the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

**IV.**

**ANALYSIS**

**A. The District Court Did Not Err In Granting Summary Judgment.**

 The Court will not review the actions of a district court which have not been specif-

ically assigned as error, especially where there are no authorities cited nor argument contained in the briefs upon the question. *See State v. Hoisington,* 104 Idaho 153, 657 P.2d 17 (1983). The Bakers presented no argument regarding the district court's determination that the complaint before it alleged nothing beyond mere negligence; nor did they present argument ·with respect to the Industrial Commission's finding that the injury occurred in the course and scope of employment. Therefore, the Court will not review the holding of the district court that the Bakers' complaint alleged *no facts to indicate anything beyond mere negligence;* nor will the Court review the finding that Jerry Baker was injured within the course and scope of employment.

On appeal, the Bakers make only two main arguments. First, the Bakers argue that they are either entitled to worker's compensation benefits or they are entitled to maintain a direct action. Second, the Bakers argue that the summary judgment of the district court was premature because the issue regarding the amount of benefits to be awarded was still pending before the Commission. The only authority relied upon by the Bakers in support of these arguments is *Lord Corporation v. Pollard,* 548 Pa. 124, 695 A.2d 767 (1997). In light of clear statutory and case law authority, the Bakers' arguments are unpersuasive.

### 1. The Bakers' claims are barred by the exclusive remedy provisions of Idaho's worker's compensation law.

The district court granted summary judgment on the basis that Idaho's "worker's compensation law is a legislatively prescribed exclusive system of compensation." Statutory and case law authority establish that the *district court did not err in granting* summary judgment on this basis.

■ Idaho's worker's compensation laws "provide the exclusive remedy of an employee against his employer for injuries arising out of and in the course of employment." *Yeend v. United Parcel Serv., Inc.,* 104 Idaho

333, 334, 659 P.2d 87, 88 (1982). Section 72–201 of the Idaho Code declares that, "sure and certain relief for injured workmen and their families and dependents is hereby provided ... to the exclusion of every other remedy, ... and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished." Further, section 72–209(1) states that, "the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee...." In addition, section 72–211 establishes that, "the rights and remedies herein granted to an employee on account of an injury ... shall exclude all other rights and remedies of the employee...." As stated by this Court, "[i]n Idaho, pursuant to I.C. § 72–211, a person injured in the course of employment has *only* one claim against the employer, and that claim is under the Worker's Compensation Act, not a tort action." *Hansen v. Estate of Harvey,* 119 Idaho 333, 336, 806 P.2d 426, 429 (1991).

■ The Bakers argue that they are entitled either to worker's compensation benefits or that they are entitled to maintain a direct action in tort. They further contend that, in addition to seeking relief under the worker's compensation law, they must be allowed to seek relief in the form of a direct action at the same time, in case the Industrial Commission determines that no relief is due pursuant to the worker's compensation complaint. However, the Bakers offer no case law authority in support of this argument. Instead, they rely on the language of I.C. § 72–211, which states in pertinent part that the "remedies herein granted to an employee *on account of an injury ... for which he is entitled to compensation* under this law shall exclude all other rights and remedies of the employee." (emphasis added). Thus, the Bakers contend that because this may [1] be an injury for which Baker is not entitled to worker's compensation, the exclusive remedy provision does not apply. Notwithstanding, principles of statutory interpretation estab-

---

1. As previously mentioned, the extent of Baker's impairment and/or disability, if any, as a result of the injuries suffered in the accident, is an issue

presently pending before the Industrial Commission, pursuant to his request.

lish that the Bakers' interpretation is incorrect.

"In construing a statute, this Court will not deal with any subtle refinements of the legislation, but will ascertain and give effect to the purpose and intent of the legislature, based on the whole act and every word therein, lending substance and meaning to the provisions." *Corporation of the Presiding Bishop v. Ada County,* 123 Idaho 410, 415, 849 P.2d 83, 88 (1993) (citing *George Watkins Family v. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990)). Considering these principles, we cannot agree with the Bakers' interpretation.

The express purpose and intent of the legislature in passing Idaho's worker's compensation law is evident in section 72–201, which "declares that all phases of the [common law system governing the remedy of workmen against employers for injuries] are withdrawn from private controversy, and sure and certain relief for injured workmen and their families and dependents is hereby provided . . . to the exclusion of every other remedy, . . . and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished."

We cannot ignore the Court's precedent that "Idaho Code sections 72–201 and 72–211 vest exclusive jurisdiction for claims arising out of and sustained during the course of employment in the Industrial Commission." *Meisner v. Potlatch Corp.,* 131 Idaho 258, 261, 954 P.2d 676, 679 (1998). The Industrial Commission has not determined that this is an injury for which Baker is not entitled to further compensation. Indeed, he has already received medical benefits due to the injury. Therefore, the Bakers' argument that they are either entitled to worker's compensation benefits or a direct action in the district court is unpersuasive.

## 2. The district court's summary judgment was not premature.

The Bakers also argue that the district court's summary judgment was premature because there was a claim pending with regard to the extent of disability or impairment. In support of this argument the Bakers rely on *Lord Corporation v. Pollard,* 548 Pa. 124, 695 A.2d 767 (1997). In *Lord,* the sole issue before the Pennsylvania Supreme Court was whether a civil action may proceed before a determination was made regarding the compensability of a claim under Pennsylvania's Worker's Compensation Act. That court determined that dismissal of a civil action was premature where there had been no final determination regarding compensability under the Act. *See id.*

However, the argument is unpersuasive because the *Lord* case is soundly distinguishable from the case at hand. In that case, the question of compensability had not been determined; that is, there had been no administrative determination that the type of claim was governed by the Worker's Compensation Act. However, in the present case, when the summary judgment was issued, it had been long settled that Baker's injury was work-related and occurred within the course and scope of employment meaning that the claim was governed by Idaho's worker's compensation law. The pending claim to which the Bakers refer relates to the extent of injury, not whether that injury is compensable as in the *Lord* case. Therefore, we conclude that the district court's summary judgment was not premature.

## 3. The Bakers' claims are barred by the co-employee immunity provisions of Idaho's worker's compensation law.

The district court correctly held that the Bakers' claims against Sullivan, Jr., the co-employee, are barred. The legislature has expressly extended immunity from liability to employees and agents of the employer. *See Wilder v. Redd,* 111 Idaho 141, 143, 721 P.2d 1240, 1242 (1986); I.C. § 72–209. The district court's holding that Sullivan, Jr. was covered by the co-employee immunity doctrine was not contested by the Bakers. Moreover, the Bakers do not contend that they alleged any facts to show why the doctrine may not apply in this case. Therefore, we affirm the district court's summary judgment in this respect.

## V.

### ATTORNEY FEES

■ Pursuant to Idaho Appellate Rule 41, the respondents assert entitlement to attorney fees under the standard set forth in *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). In pertinent part, *Minich* establishes that attorney fees will only be awarded to the prevailing party on appeal if the Court determines that the action was brought or pursued frivolously, unreasonably or without foundation. *See id.* at 918, 591 P.2d at 1085; *Yoakum v. Hartford Fire Insurance Co.,* 129 Idaho 171, 180, 923 P.2d 416, 425 (1996). Further, "attorney fees will not be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented." *Minich,* 99 Idaho at 918, 591 P.2d at 1085. In this case, the record does not reflect that the Bakers' claims were brought or pursued frivolously so as to warrant the imposition of attorney fees. Although ultimately unpersuasive, the Bakers' arguments were sufficiently reasonable, with at least some foundation, so as to disallow an award of attorney fees under I.C. § 12–121. *See, e.g., id.* Therefore, although we affirm the summary judgment of the district court in favor of the respondents, we do not award attorney fees to the respondents on appeal.

## VI.

### CONCLUSION

For the foregoing reasons we affirm the summary judgment of the district court because the worker's compensation law of Idaho provides the exclusive remedy for the Bakers, and the summary judgment of the district court was not premature. Costs are awarded to the respondents.

Chief Justice TROUT, Justices SCHROEDER and WALTERS, and Justice Pro Tem JOHNSON, CONCUR.