[No. 83743-1.  En Banc.]
Argued February 17, 2011.     Decided June 9, 2011.

DELBERT WILLIAMS, *Petitioner*, v. LEONE & KEEBLE, INC., *Respondent*.

*Richard L. McKinney*, for petitioner.

*Andrew C. Bohrnsen* (of *The Law Office of Andrew C. Bohrnsen PS*), for respondent.

¶1 CHAMBERS, J. — A Washington resident injured on a construction job brought suit against the general contractor, a Washington corporation, in superior court in Washington State. But the injury took place in Idaho, and the worker received workers' compensation benefits from the

Idaho State Insurance Fund. The trial court granted the general contractor's motion to dismiss, the Court of Appeals affirmed, and we now reverse.

## FACTS AND PROCEDURAL HISTORY

¶2 Delbert Williams is a Washington resident. Williams was an employee of Paycheck Connection LLC, an Idaho company providing labor services, who regularly sent him to work for Pro-Set Erectors Inc., an Idaho construction company.[1] In early 2007, Pro-Set was hired as a subcontractor for a school remodeling project in Idaho. Leone & Keeble Inc. (L&K), a Washington corporation, was the general contractor for the project. On August 3, 2007, while installing a strut on the roof, Williams lost his balance and fell 35 feet, striking a steel wall brace on the way down and suffering severe injuries to his legs and back.

¶3 Williams reported his injuries to the Idaho State Insurance Fund. The Idaho State Insurance Fund accepted that the injury was compensable and began issuing workers' compensation payments to Williams. The payments apparently stopped altogether in September 2008. Williams filed suit against L&K in Spokane County Superior Court in July 2008. The trial court granted L&K's motion to dismiss for "Want of Jurisdiction." Clerk's Papers (CP) at 306. The Court of Appeals affirmed, *Williams v. Leone & Keeble, Inc.*, 152 Wn. App. 150, 216 P.3d 446 (2009), and we granted review. *Williams v. Leone & Keeble, Inc.*, 168 Wn.2d 1025, 228 P.3d 18 (2010).

## ANALYSIS

### I. Standard of Review

¶4 Whether a court has subject matter jurisdiction is a question of law reviewed de novo. *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

---

[1] It appears from the record that Williams was not aware that Paycheck Connections was one of his employers and believed he worked only for Pro-Set.

## II. Subject Matter Jurisdiction

¶5   For the purposes of clarity, we begin by distinguishing jurisdiction, res judicata, and collateral estoppel:

▋▋ ¶6 Jurisdiction. Washington superior courts have jurisdiction by grant of authority from the Washington State Constitution. Const. art. IV, § 6. "The critical concept in determining whether a court has subject matter jurisdiction is the 'type of controversy.' " *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 316, 76 P.3d 1183 (2003) (quoting *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994)). Subject matter jurisdiction does not turn on agreement, stipulation, or estoppel. *Wesley v. Schneckloth*, 55 Wn.2d 90, 93-94, 346 P.2d 658 (1959). Either a court has subject matter jurisdiction or it does not. *Id.* at 93. " ' "If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction." ' " *Dougherty*, 150 Wn.2d at 316 (quoting *Marley*, 125 Wn.2d at 539 (quoting Robert J. Martineau, *Subject Matter Jurisdiction as New Issue on Appeal: Reining in an Unruly Horse*, 1988 BYU L. Rev. 1, 28)). Where one state resident sues another in tort, the superior courts of Washington State have subject matter jurisdiction. *See* Const. art. IV, § 6 ("[t]he superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court").

▋▋ ¶7 Res Judicata. Res judicata is a doctrine of claim preclusion. It bars relitigation of a claim that has been determined by a final judgment. *See Schoeman v. N.Y. Life Ins. Co.*, 106 Wn.2d 855, 860, 726 P.2d 1 (1986). Res judicata applies where the subsequent action involves (1) the same subject matter, (2) the same cause of action, (3) the same persons or parties, and (4) the same quality of persons for or against whom the decision is made as did a prior adjudication. *In re Estate of Black*, 153 Wn.2d 152, 170, 102 P.3d 796 (2004).

■ ■ ¶8 <u>Collateral Estoppel.</u> Collateral estoppel is a doctrine of issue preclusion. It bars relitigation of issues of ultimate fact that have been determined by a final judgment. *State v. Vasquez*, 148 Wn.2d 303, 308, 59 P.3d 648 (2002). Collateral estoppel requires that (1) the identical issue was decided in the prior adjudication, (2) the prior adjudication resulted in a final judgment on the merits, (3) collateral estoppel is asserted against the same party or a party in privity with the same party to the prior adjudication, and (4) precluding relitigation of the issue will not work an injustice. *Clark v. Baines*, 150 Wn.2d 905, 913, 84 P.3d 245 (2004).

■ ¶9 Our courts below are, of course, mindful of these doctrines but seem to have given deference to opinions of the Idaho courts which have, as discussed below, used the term "the issue of jurisdiction" to refer to the issue of whether a worker was injured within the scope of employment, thus precluding certain tort claims. However, in the context of the case before us, that issue is best described as one of collateral estoppel or issue preclusion, not jurisdiction.

¶10 L&K relies on several Idaho cases to support its contention that application for and receipt of benefits by a worker from the Idaho Industrial Insurance Commission bar plaintiffs from asserting third party claims against general contractors in Washington. The cited cases address the specific issue of whether a final decision regarding whether an injury occurred during the course of employment could be relitigated in an Idaho trial court. *See Baker v. Sullivan*, 132 Idaho 746, 749, 979 P.2d 619 (1999); *Anderson v. Gailey*, 97 Idaho 813, 819-20, 555 P.2d 144 (1976); *see also Hansen v. Estate of Harvey*, 119 Idaho 333, 336-37, 806 P.2d 426 (1991). These cases may speak in terms of jurisdiction, but what the Idaho Supreme Court has actually determined is that collateral estoppel bars relitigation of *factual issues*, such as whether the injury occurred in the course of employment. *See Hansen*, 119 Idaho at 335-38. Because that issue may be fatal to a tort

action under Idaho law, its determination can in effect lead to the conclusion that a tort claim is barred based upon the doctrines of res judicata or collateral estoppel.

¶11 L&K relies in particular on *Anderson*, 97 Idaho 813. Anderson's estate brought a wrongful death action following his death while he was performing repairs down a 285-foot-deep shaft. One issue was whether Anderson could bring a tort action against Gailey or whether his exclusive remedy was under Idaho's Workers' Compensation Act. The court characterized this issue as the "Jurisdictional Issue." *Id.* at 819. If Anderson was an employee of Gailey, then, under Idaho law, Anderson was limited to remedies provided under the Workers' Compensation Act; but if Anderson was either an independent contractor or engaged in "casual employment" then Anderson was entitled to tort remedies. *Id.* The Idaho Supreme Court held resolution of the "jurisdictional issue" turned on facts and the trial court properly submitted the issue to the jury. *Id.* In short, the Idaho Supreme Court used the term "jurisdictional issue" to describe the issue of whether or not Anderson was injured during the scope of his employment with Gailey and thus precluded from tort remedies. *See id.* at 816-17.

¶12 Subsequent Idaho opinions have similarly applied the principle of issue preclusion to the scope of employment. *Baker*, 132 Idaho at 749; *Hansen*, 119 Idaho at 337. Where a final determination has been made by the Idaho Industrial Insurance Commission on the issue of whether a worker was injured during the scope of employment, that issue may not be relitigated under principles of collateral estoppel. *Hansen*, 119 Idaho at 337. But because such a determination by the Idaho Industrial Insurance Commission can preclude relitigation of factual issues and thus bar tort actions under Idaho law, the Idaho courts have used the terms of "res judicata" and "jurisdiction" instead of the more strictly accurate "collateral estoppel."[2] *See Hansen*, 119 Idaho at 335-38; *Anderson*, 97 Idaho at 819.

---

[2] In *Hansen*, for example, a case with some striking parallels to this one, the court explained:

¶13 The Court of Appeals may have been understandably confused by the Idaho courts' apparent conflation of the term "jurisdiction" with factual issues relevant to whether a tort action is barred. *See Anderson*, 97 Idaho at 825. However, it is not the issue of subject matter jurisdiction that the Idaho courts have held precludes a tort claim, but rather the factual issue of whether the injury occurred in the " 'course of employment.' " *Baker*, 132 Idaho at 749 (quoting *Hansen*, 119 Idaho at 336); *Anderson*, 97 Idaho at 825. Here, Williams concedes he was injured during the course of his employment. And he is not bringing this claim against his employer. *See* RCW 51.24.030(1) (allowing claims against third parties "not in a worker's same employ"). He is bringing a claim against a third party Washington general contractor for negligence. That cause of action is allowed under Washington's Industrial Insurance Act, Title 51 RCW.[3] *See* RCW 51.24.030(1); *Novenson v. Spokane Culvert & Fabricating Co.*, 91 Wn.2d 550, 553, 588 P.2d 1174 (1979) (for purposes of workers' compensation, an employment relationship exists only when the employer has the right to control the worker's physical conduct, and

---

Appellants . . . filed for and received worker's compensation benefits from the Washington Department of Labor and Industries *before* they filed the present tort actions. The Washington Department determined that appellants were injured within the course of their employment. No appeal was filed from that determination. Both appellants are collecting benefits under that ruling. Thus, under both the Idaho law in *Anderson* . . . and the Washington law in *Shoopman*, . . . that determination is *res judicata* in any later district court proceedings on the issue of course of employment. In both Idaho and Washington . . . a person injured in the course of employment has *only* one claim against the employer, and that claim is under the Worker's Compensation Act, not a tort action. Since appellants were determined to have been injured while in the course of their employment by the Washington Commission, and since they did not appeal that finding, they are now precluded from bringing this action. . . . The district court was correct in so holding.

*Hansen*, 119 Idaho at 336-37 (citations omitted) (citing *Anderson*, 97 Idaho 813; *Shoopman v. Calvo*, 63 Wn.2d 627, 388 P.2d 559 (1964)).

[3] That cause of action is not allowed under Idaho's equivalent act. IDAHO CODE § 72-223. If an Idaho court determines that a worker is injured in the course of employment, under Idaho law, a third party general contractor is generally immune to suit by an injured employee of its subcontractor. *See Fuhriman v. State*, 143 Idaho 800, 804-06, 153 P.3d 480 (2007); *Robison v. Bateman-Hall, Inc.*, 139 Idaho 207, 213-14, 76 P.3d 951 (2003).

the employee consents to the relationship). The type of controversy is within the subject matter jurisdiction of the Spokane County Superior Court.[4] *See Dougherty*, 150 Wn.2d at 316. The trial court erred in dismissing the case for want of subject matter jurisdiction, and the Court of Appeals erred in affirming the dismissal.

## III. FINAL JUDGMENT

¶14 We hold that the Spokane County Superior Court does have subject matter jurisdiction. Further, even under Idaho law, the benefits Williams received from the Idaho State Insurance Fund would not have preclusive effect on his claim under either the doctrines of res judicata or collateral estoppel. The application of either doctrine is dependent upon there being a final determination regarding the claim or issue. *Vasquez*, 148 Wn.2d at 308 (collateral estoppel requires final judgment); *Schoeman*, 106 Wn.2d at 860 (res judicata requires final judgment). Idaho case law establishes that the "decision" at issue here is not a final decision:[5]

> In the present case, the Employer filed a claim with its surety, the State Insurance Fund, which led to Dominguez receiving benefits. There is no mention in the record of any ruling or determination issued by the Industrial Commission regarding whether Dominguez was entitled to benefits under worker's compensation, or even that such a ruling was ever sought. . . . The State Insurance Fund is simply an insurance carrier. Its assessment regarding a worker's eligibility for benefits does not have the force of a decision and is not the

---

[4] In its briefing to the trial court, L&K argued, "The plaintiff is obviously correct that this Court has subject matter and in personam jurisdiction over the parties in this case. However, the plaintiff's current argument conveniently overlooks the fact that the jurisdictional issue has already been decided as a matter of law by the Idaho Industrial Commission." CP at 107-08. But, as explained above, a court either has subject matter jurisdiction or it does not. *Wesley*, 55 Wn.2d at 93-94.

[5] Williams' attorney seemed well aware and has been pointing out for some time now in his briefs that no final decision existed in this case and that issue and claim preclusion require at minimum a final decision.

equivalent of a decision issued by the Industrial Commission itself.

A decision by the Industrial Commission has *res judicata* effect only for those issues the Commission actually decides.

*Dominguez ex rel. Hamp v. Evergreen Res., Inc.*, 142 Idaho 7, 12-13, 121 P.3d 938 (2005) (citations omitted).

¶15 The record in this case contains a declaration from Becky Coble, one of the custodians of the records relating to Williams' workers' compensation claim. She states:

> Delbert Williams filed a First Report of Injury for a work related injury . . . which the State Insurance Fund accepted as compensable . . . and, as such, the Idaho State Insurance Fund has been paying worker's compensation benefits to Mr. Williams. . . .

> There is, at this time, no record of an adjudicatory order issued by the Idaho Industrial Commission contained in the files of the Idaho State Insurance Fund insofar as it relates to the above-described injury suffered by Mr. Williams.

CP at 287-88. The above case law and this declaration from the record together unambiguously answer the question of whether there is any issue at all that can be barred by res judicata or collateral estoppel in this case. The answer is no. Thus even if, somehow, a Washington court lacked jurisdiction where the "issue of jurisdiction" was determined in a final judgment by an Idaho court, under Idaho law there is no issue here that was already decided.

## CONCLUSION

¶16 The trial court and the Court of Appeals both incorrectly held that Spokane County Superior Court lacked jurisdiction over a tort claim filed in Washington by a Washington resident against a Washington corporation.[6]

---

[6] The trial court held in the alternative that Idaho law would apply if the court did not lack subject matter jurisdiction. Our authorities hold that the location of

We reverse the Court of Appeals and remand for proceedings consistent with this opinion.

C. JOHNSON, ALEXANDER, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ., concur.

¶17 MADSEN, C.J. (concurring) — I agree with the result reached by the majority. I also agree that our resolution requires a remand to the Court of Appeals to review the trial court's alternative basis for dismissing Delbert Williams's action: that Idaho law applies. I write separately because, despite remanding to the Court of Appeals, the majority suggests the analysis that it wishes the Court of Appeals to follow and strongly hints at the result it wishes that court to reach. Majority at 735 n.6. I believe the Court of Appeals is fully competent to decide the issue without direction from this court.

[No. 83768-6.    En Banc.]
Argued January 18, 2011.    Decided June 9, 2011.

the injury is not necessarily determinative. Instead, Washington adheres to the "most significant relationship" test, as developed by the *Restatement (Second) of Conflict of Laws* § 6 (1971), in a choice of law analysis. A review of the record does not reveal the factors considered or the basis for the trial court's holding that Washington should apply Idaho law. Williams raised and briefed the choice of law issue before the Court of Appeals but that court found it unnecessary to reach the issue; because the Court of Appeals did not reach the issue, it was not raised before this court. On remand the Court of Appeals will have to review the trial court's choice of law ruling, giving application to the *Restatement (Second) of Conflict of Laws* § 146 (1971) and the policy considerations discussed in *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580, 583, 555 P.2d 997 (1976).