IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SANDRA KLINEBURGER and STEPHEN KLINEBURGER, husband and wife, | ) ) ) | No. 79028-5-I |
| | ) | DIVISION ONE |
| Appellants, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| KING COUNTY DEPARTMENT OF PERMITTING AND ENVIRONMENTAL REVIEW, | ) ) ) ) ) | |
| Respondent. | ) | FILED: November 12, 2019 |

SCHINDLER, J. — Stephen and Sandra Klineburger appeal the superior court order dismissing with prejudice the Land Use Petition Act, chapter 36.70C RCW, appeal they filed that challenges the decision of the King County hearing examiner affirming code enforcement violations. We affirm in part, reverse in part, and remand.

## FACTS

Stephen and Sandra Klineburger own property located approximately 800 feet south of the middle fork of the Snoqualmie River near North Bend. The Federal Emergency Management Agency (FEMA) designated the entire property as a "floodway." A "floodway" is an area "where the flood hazard is generally highest, i.e., where water depths and velocities are the greatest." 44 C.F.R. § 9.4. King County

designated the property as a "conservancy shoreline" and a "channel migration zone." A "channel migration zone" is "the area along a river channel within which the channel can be reasonably predicted . . . to migrate over time as a result of natural and normally occurring hydrological and related processes when considered with the characteristics of the river and its surroundings." King County Code (KCC) 21A.06.182.

The majority of the property is designated as a "moderate hazard" area within the channel migration zone. The area designated as a moderate hazard channel migration zone "lies between the severe channel migration hazard area and the outer boundaries of the channel migration zone." KCC 21A.06.181E.

King County designated the southeast portion of the property as a "buffer" "aquatic area." An "aquatic area" is a "nonwetland water feature," including "[a]ll shorelines of the state, rivers, streams, marine waters and bodies of open water, such as lakes, ponds and reservoirs." KCC 21A.06.072C.A.1. A "buffer" is "a designated area contiguous to and intended to protect and be an integral part of an aquatic area or wetland." KCC 21A.06.122.

In Klineburger v. King County Department of Development & Environmental Services, Building & Fire Services Division, Code Enforcement Section, 189 Wn. App. 153, 158-59, 356 P.3d 223 (2015), we affirmed the decision of the King County hearing examiner that the county did not have the authority to address the decision of the Department of Ecology that the Klineburgers were prohibited from engaging in construction in the designated floodway.

In 2012, the Klineburgers placed a 400-square-foot "cargo container" on the southeast portion of the property that FEMA designated as a floodway and King County

2

designated as a conservancy shoreline area, a channel migration zone, and the aquatic buffer. The Klineburgers planned to use the cargo container as a "storage shed."

Between 2013 and 2017, the Klineburgers spread mulch, stacked "cords" and "rounds" of firewood, and removed blackberries and other vegetation on the southeast portion of the property. In 2017, the Klineburgers constructed a gravel driveway in the designated floodway area, conservancy shoreline area, and aquatic buffer.

On October 16, 2017, the King County Department of Permitting and Environmental Review (DPER) issued a "Notice of King County Code Violation" and an "Abatement Order" (Notice and Order). The Notice and Order cited the Klineburgers for violations of the KCC. The Notice and Order asserts the Klineburgers spread mulch, stacked firewood, removed blackberries and other vegetation, and constructed a gravel driveway without a "[c]learing and/or grading" permit in an area designated as a "Floodway, Aquatic, Channel Migration, [and] Shoreline and/or their buffers" and placed the cargo container "within environmentally critical areas and/or their buffers."

The Klineburgers appealed the Notice and Order to the King County hearing examiner. The Klineburgers argued the KCC did not require permits for agricultural uses such as spreading "mulch over a garden and around newly planted trees" or for removing "invasive species and revegetation." The Klineburgers argued the cargo container "is either not in violation of the Code or was 'approved' during the 2016 site inspection." The Klineburgers also asserted DPER "is selectively enforcing" the KCC.

A number of witnesses testified at the hearing and the hearing examiner admitted into evidence more than 30 exhibits. The Klineburgers submitted the declaration of expert witness Douglas Weber to support their argument that FEMA and King County

improperly designated and mapped the property as a floodway, conservancy shoreline area, and hazardous channel migration zone.

The hearing examiner entered a decision and extensive findings of fact and conclusions of law. The hearing examiner denied the appeal of the code enforcement citations for "[c]learing and/or grading (fill)" without a permit and "[p]lacement of a cargo container" without a permit. The hearing examiner granted the appeal as to the citation for removing grasses without a permit.

The Klineburgers timely filed a Land Use Petition Act (LUPA), chapter 36.70C RCW, appeal of the hearing examiner decision. The Klineburgers alleged the hearing examiner erred in interpreting the KCC, substantial evidence did not support the decision, and the decision was a clearly erroneous application of the law to the facts.

King County filed a motion to dismiss the LUPA appeal. King County argued the court lacked jurisdiction to review the FEMA floodway hazard designation, the Klineburgers failed to exhaust administrative remedies, and the LUPA appeal was barred by the doctrines of res judicata and collateral estoppel.

The superior court entered an order dismissing the LUPA appeal with prejudice. The court concluded it lacked jurisdiction "to review the federal flood hazard management designations and mapping"; the Klineburgers did not "exhaust available administrative remedies, specifically to change the federal special flood hazard management designations and mapping and county critical areas designations and mapping"; and the Klineburgers were precluded by the doctrines of res judicata and collateral estoppel from "re-litigation of the issues of the federal special flood hazard

management designations and mapping and county critical areas designations and mapping."

The court did not address the merits of the LUPA appeal challenging the decision of the hearing examiner to affirm the code enforcement violations. In the order dismissing the LUPA appeal with prejudice, the court struck the proposed findings that address whether the hearing examiner erroneously interpreted and applied the law and whether the findings of fact and conclusions of law are supported by substantial evidence.

## ANALYSIS

The Klineburgers contend the superior court erred in dismissing the LUPA appeal with prejudice.

Judicial review of land use decisions is governed by LUPA. Abbey Rd. Grp., LLC v. City of Bonney Lake, 167 Wn.2d 242, 249, 218 P.3d 180 (2009). The party seeking reversal of a land use decision must meet the burden of establishing one of six enumerated standards set forth in RCW 36.70C.130(1). In this case, the Klineburgers challenged the hearing examiner decision in the LUPA appeal under RCW 36.70C.130(1)(b), (c), and (d):

> (b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;
> (c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;
> (d) The land use decision is a clearly erroneous application of the law to the facts.

"In reviewing a land use decision, we stand in the same position as the superior court." Phoenix Dev., Inc. v. City of Woodinville, 171 Wn.2d 820, 828, 256 P.3d 1150

5

(2011). Under LUPA, the court reviews the administrative record of the "local jurisdiction's body or officer with the highest level of authority to make the determination." RCW 36.70C.020(2).

The superior court dismissed the LUPA appeal for failure to exhaust administrative remedies to challenge the FEMA floodway designation.[1] "To have standing to bring a land use petition, a party must have exhausted administrative remedies 'to the extent required by law.' " Cmty. Treasures v. San Juan County, 192 Wn.2d 47, 51, 427 P.3d 647 (2018) (quoting RCW 36.70C.060(2)(d)). The FEMA floodway designation is based on its "Flood Insurance Rate Map" and "Flood Hazard Boundary Map." 44 C.F.R. § 65.7(a); see KCC 21A.06.480, .476. To request a FEMA change to the floodway designation and mapping, the Klineburgers must submit documentation under 44 C.F.R. § 65.7 demonstrating the property meets certain requirements. The King County designation and mapping is based on FEMA's Flood Insurance Rate Map and Flood Hazard Boundary Map. KCC 21A.06.485. To change the King County designation and mapping, the Klineburgers must submit an application to amend or revise under KCC 21A.06.683 or .684.

---

[1] We disagree that either res judicata or collateral estoppel supported dismissal of the LUPA appeal. In Klineburger, 189 Wn. App. at 158, we addressed the scope of the superior court's appellate review under LUPA. In Klineburger v. Washington State Department of Ecology, No. 76458-6-I (Wash. Ct. App. Aug. 13, 2018) (unpublished), http://www.courts.wa.gov/opinions /pdf/764586.pdf, we addressed the Department of Ecology's decision under WAC 173-158-076(1)(b) recommending denial of a permit to repair the Klineburgers' mobile home. See Williams v. Leone & Keeble, Inc., 171 Wn.2d 726, 730, 254 P.3d 818 (2011) (res judicata applies where subsequent action involves "the same subject matter," "same cause of action, "same person or parties," and "same quality of persons for or against whom the decision is made as did a prior adjudication"); Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 307, 96 P.3d 957 (2004) (collateral estoppel applies where "(1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied").

6

The undisputed record shows the Klineburgers did not submit a request to amend or revise either the FEMA floodway designation or the King County designations. Stephen[2] testified he planned to challenge the King County channel migration zone designation of his property and was in the process of "contacting people and we're going to pursue this more legally in the future." Because the Klineburgers did not exhaust administrative remedies, we affirm the superior court decision to dismiss the Klineburgers' challenge to the FEMA and King County designations for failure to exhaust administrative remedies.[3]

However, we reverse dismissal of the LUPA appeal challenging the decision of the hearing examiner under RCW 36.70C.130(1)(b), (c), and (d). The record establishes the court did not consider or reach the merits of the LUPA appeal challenging the hearing examiner decision under RCW 36.70C.130(1)(b), (c), and (d). The court did not address whether the hearing examiner erroneously interpreted the KCC, that the decision is not supported by substantial evidence, and that the decision is a clearly erroneous application of the law to the facts under RCW 36.70C.130(1)(b), (c), and (d).

Whether the decision is an erroneous interpretation of the law under RCW 36.70C.130(1)(b) is a question of law. Abbey Rd. Grp., 167 Wn.2d at 250. To determine whether the decision is supported by substantial evidence under RCW 36.70C.130(1)(c), the court must decide whether a fair-minded person would be persuaded by the evidence of the truth of the challenged findings. Abbey Rd. Grp., 167 Wn.2d at 250. Under this standard, the court "consider[s] all of the evidence and

---

[2] We refer to Stephen Klineburger by his first name for purposes of clarity.

[3] Accordingly, we also conclude the court did not err in striking the declaration of the Klineburgers' expert witness Weber.

reasonable inferences in the light most favorable to the party who prevailed in the highest forum that exercised fact-finding authority." Abbey Rd. Grp., 167 Wn.2d at 250. And to determine whether the decision is a clearly erroneous application of the law to the facts under RCW 36.70C.130(1)(d), the court must decide whether on the record, the court "is left with the definite and firm conviction that a mistake has been committed." Phoenix Dev., 171 Wn.2d at 829.

For the first time on appeal, the Klineburgers also claim the hearing examiner decision is an unconstitutional taking without just compensation and violates substantive due process. The taking and substantive due process claims are not ripe. See Guimont v. City of Seattle, 77 Wn. App. 74, 85, 896 P.2d 70 (1995) (an as-applied "takings claim is not ripe until 'the initial government decision maker has arrived at a definite position, conclusively determining whether the property owner was denied all reasonable beneficial use of its property' ")[4] (quoting Orion Corp. v. State of Wash., 109 Wn.2d 621, 632, 747 P.2d 1062 (1987)); Presbytery of Seattle v. King County, 114 Wn.2d 320, 337, 787 P.2d 907 (1990) (court concluded exhaustion of administrative remedies was necessary to evaluate the challenge and the record must include all the facts needed to apply the three-prong test before a substantive due process claim is ripe).[5]

The Klineburgers request attorney fees and costs on appeal under RCW 4.84.370. "Whether a party is entitled to an award of attorney fees is a question of law and is reviewed on appeal de novo." Durland v. San Juan County, 182 Wn.2d 55, 76,

---

[4] Internal quotation marks omitted.

[5] We decline to address the Klineburgers' equal protection argument. The Klineburgers do not support the arguments with citation to the record. See RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

340 P.3d 191 (2014). RCW 4.84.370 governs fees and costs on appeal of land use decisions. RCW 4.84.370(1) states, in pertinent part:

> Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision.

The Klineburgers are not entitled to an award of attorney fees under RCW 4.84.370(1). A prevailing party is entitled to attorney fees under this statute only if the county decision is "rendered in their favor and at least two courts affirm the decision." Habitat Watch v. Skagit County, 155 Wn.2d 397, 413, 120 P.3d 56 (2005).

We affirm the superior court decision to dismiss the challenge to the FEMA and King County mapping and designations for failure to exhaust administrative remedies. We reverse dismissal of the LUPA appeal challenging the decision of the hearing examiner under RCW 36.70C.130(1)(b), (c), and (d), and remand.

WE CONCUR: